A. H. ARMSTRONG ET AL. V. SIMON MAYER ET AL.

FILED FEBRUARY 20, 1901.   No. 11,303.

1. **Original Jurisdiction:** PRACTICE OF SUPREME COURT. Owing to the numerous cases on the docket, it is the practice of this court not to entertain original jurisdiction and advance cases for hearing in applications for a writ of mandamus brought by private persons for the enforcement of private rights, unless some good reason is made to appear why the application is not in the first instance made to the district court.

2. **Mandamus:** ANCILLARY PROCEDURE. It is proper to grant an original application for a writ of mandamus made in a case pending in this court only when it appears that it is ancillary in character and subserves some useful purpose in the main case, protects the rights of the parties, which would otherwise be jeopardized, or renders effective a judgment which has been or may be entered in the case.

3. **Former Opinion:** MERITS: TERMINUS. An opinion heretofore filed in the case on consideration of a motion having fully disposed of the merits of the controversy and determined and made certain the final judgment to be rendered, and consuming time in the argument and consideration of interlocutory motions being useless, the final judgment, already determined, will be entered and the litigation terminated.

ERROR from the district court for Lancaster county. Tried below before CORNISH, J. *Dismissed.*

*Burr & Burr* and *Charles O. Whedon,* for plaintiff in error.

*Walter J. Lamb* and *Robert Ryan, contra.*

HOLCOMB, J.

Plaintiffs in error were defendants in an action of forcible entry and detention before a justice of the peace. An adverse judgment being rendered against them by the justice trying the case, they appealed to the district court. Judgment was again rendered against the defendants, to secure a reversal of which a proceeding in error was instituted in this court. The cause was sub-

mitted on motion, in the determination of which it was held that the provisions of the statute for appeals from a judgment rendered by a justice of the peace in actions of the kind under consideration were enacted in contravention of the constitution, and were, therefore, void and of no force and effect; and that the judgment rendered by the district court on appeal was *coram non judice*. A motion to dismiss the error proceeding for want of jurisdiction was at the same time denied, it being held that, while the district court was without jurisdiction over the subject-matter, the error proceeding was a new action begun in this court to review the judgment of the district court, and this court has original jurisdiction to hear and determine the same, notwithstanding the district court was without jurisdiction over the subject-matter of the action. *Armstrong v. Mayer*, 60 Nebr., 423. Since the filing of the opinion referred to, which in fact disposes of the merits of the controversy and makes certain the ultimate decision to be rendered in the case, several different motions, with as many objections, have been argued and submitted and a great deal of valuable time consumed over a matter of which all are advised as to how it must finally terminate. A motion has been submitted by the defendants in error, asking, first, that a writ of mandamus issue, commanding the justice of the peace trying the case to issue a writ of restitution on the judgment rendered by him in favor of the defendants in error; second, that the error proceeding be dismissed, for the reason that since the filing of the opinion referred to the plaintiffs in error have commenced alleged error proceeding in the district court, giving an alleged supersedeas bond therein, to obtain a review of the judgment of the justice of the peace, whereby these proceedings have been abandoned and all rights waived thereunder; and third, that the cause be advanced and set down for a speedy hearing.

The showing in support of the motion for a writ of mandamus verifies more fully and minutely the history

of the case as heretofore recited, and shows a demand on the justice trying the case that he issue a writ of restitution on the judgment by him rendered. In passing on the motion, we do not undertake to decide the merits of the application, nor do we want to be understood as saying that the relator, in a proper proceeding, may not be entitled to a writ as prayed for, or that it is not the duty of the justice to enforce the judgment rendered on the application of a party in interest. The writ, in the manner in which the application is made, can not, we hold, properly issue. The only rights invoked are those private in their nature. There is no public interest involved. Owing to the crowded condition and numerous cases on the docket, it is and has been the practice in this court, and for such a period of time that it may be regarded as a settled rule, to decline to entertain original jurisdiction and advance the case for hearing in applications for a writ of mandamus brought by private persons for the enforcement of private rights, unless some good reason is made to appear why the application was not in the first instance made to the district court. *State v. Lincoln Gas Co.*, 38 Nebr., 33; *State v. Merrell*, 38 Nebr., 510; *State v. School District*, 38 Nebr., 237. We do not find that there exists any circumstance connected with the present case which should make it an exception to the rule announced. The rights of the defendants in error to the writ desired must be determined by the same procedure and in the same manner as the enforcement of any other private right. In the proceedings in the present case it has been determined that the law granting appeals from judgments of justices of the peace in cases of forcible entry and detention is invalid; that the judgment, in name, of the district court rendered in the appeal proceedings was rendered by a court without jurisdiction of the subject-matter, and that this court in an error proceeding had jurisdiction to reverse a judgment, even though void for want of jurisdiction of the court rendering it. There is nothing, however, in the course

of this litigation, as we view the proceedings, which would render it proper and appropriate, on a motion filed in the case, conceding the same to be properly supported by affidavit and other evidence, to resort to the extraordinary writ of mandamus for the purpose of compelling the justice of the peace trying the case to enforce the judgment rendered by him. The application, if proper at all, in these proceedings, should be regarded as ancillary in its character and have some well defined relation to the main issues in the case. We can conceive of no sound rule for the issuance of such a writ in proceedings and under circumstances similar to those in the present case, except it be to subserve some useful purpose in the main case, protect the rights of the parties which would otherwise be jeopardized, and render effective a judgment which has been or may be entered in the case. Nothing of this nature appears to exist in the case at bar, and there appears to us no valid reason for the issuance of the writ prayed for. The application is therefore denied, but without prejudice to another application in an appropriate proceeding.

This cause has been fully determined. We all know what the judgment must be when entered. We have determined the statute for an appeal from a justice of the peace in forcible entry and detention cases to be invalid, and that a judgment rendered in the district court in proceedings taken under such statute is without jurisdiction and void. It is like pursuing a shadow, a phantom, to further consume time in the argument and consideration of that which is already firmly and finally settled and determined. The judgment of the district court being void for want of jurisdiction of the subject-matter, it only remains for us to declare it so, which is accordingly done and the action dismissed.

JUDGMENT ACCORDINGLY.