HORACE C. METCALF V. ANNA S. BOCKOVEN.

FILED NOVEMBER 20, 1901.    No. 9,996.

Commissioner's opinion, Department No. 1.

1. **Malicious Prosecution:** SUFFICIENCY OF PETITION. A petition wherein it is alleged that a civil suit which resulted in impounding defendant's property was prosecuted maliciously and without probable cause states a cause of action without alleging that the attachment and garnishment proceedings were sued out maliciously and without probable cause.

2. **Admission and Exclusion of Evidence.** Rulings of the trial court on the admission and exclusion of evidence examined, and *held* not erroneous.

3. **Instructions.** Action of the trial court in the giving and refusal of instructions *held* without error.

4. **Verdict: AGREEMENT.** A jury, after consideration and discussion of the evidence in a case, agreed to find for plaintiff in a sum equal to one-half the amount claimed in the petition. *Held* not error.

ERROR from the district court for Hamilton county. Tried below before SEDGWICK, J. *Affirmed.*

*E. E. Carr* and *George B. France,* for plaintiff in error.

*Othman A. Abbott, contra.*

Argued orally by *France,* for plaintiff in error; by *Abbott, contra.*

KIRKPATRICK, C.

This is an action brought in the district court for Hamilton county on June 14, 1895, by defendant in error, Anna S. Bockoven, against plaintiff in error, Horace C. Metcalf, to recover the sum of $3,954.71, claimed as damages for the prosecution, maliciously and without probable cause, of an action in the district court for Douglas county, Nebraska. Trial was had to a jury, which on February 24, 1897, resulted in a verdict and judgment in favor of Anna S. Bockoven, and against Horace C. Metcalf in the sum of $1,977.35. From this judgment Metcalf prosecutes error to this court.

The petition of defendant in error in substance alleges that she is a widow; that her husband, A. C. Bockoven, died April 28, 1891; that during his lifetime he had procured his life to be insured in the Ætna Life Insurance Company of Hartford, Connecticut, in the sum of $5,000 in favor of his wife; that she had made proofs of death; that the proofs had been accepted, and the loss approved for payment; that on the 11th day of June, 1891, Horace

C. Metcalf, plaintiff in error herein, maliciously and without probable cause commenced an action in the district court of Douglas county, charging that one Alphonso J. Metcalf and Anna S. Bockoven were partners, doing business under the style of Bockoven & Metcalf, that he had advanced said partnership large sums of money, that an accounting had been had, that $8,529.49 had been found due him from such partnership, that the sum of $5,187.33 had been paid, and that there remained due him from said partnership $3,392.16; that said Horace C. Metcalf filed an affidavit of attachment and garnishment in said cause, and procured the life insurance company to be garnished; that she, Anna S. Bockoven, at great expense, had taken the depositions of sundry witnesses at Grand Island, Los Angeles, California, and at other designated points, and had expended large sums of money in employing counsel to defend said suit, and in paying traveling expenses, to her damage in the sum of $1,000; that afterwards, said Horace C. Metcalf, by leave of court, amended his said petition, and falsely alleged that Anna S. Bockoven and himself had entered into a partnership in August, 1890, under the firm name of Bockoven & Metcalf; that he had advanced $3,000, the entire capital stock of said firm, which it was agreed should be reimbursed to him, and had also loaned said copartnership, at various times, sums of money, the total amount aggregating $10,-381.74; that he had advanced this money under an agreement that he should be paid ten per cent. interest on the amount advanced; that profits had accrued in said business to the amount of $3,000; and alleged that the firm had dissolved, and that Alphonso J. Metcalf and Anna S. Bockoven had agreed to continue said business under the firm name of Bockoven & Metcalf, and that they were jointly and severally liable to him for one half of the profits earned by the firm; that he had received $9,905.35, and no more, and that there was still due him $3,476.75, for which, with a further accounting, he prayed judgment against Anna S. Bockoven. The petition in the case at

bar further alleged that on November 9, 1892, trial was
had in the district court of Douglas county on the issues
joined in said cause, which resulted in a verdict and judg-
ment in favor of Anna S. Bockoven that she recover her
costs, and that the attachment be discharged and garnish-
ment released; that Horace C. Metcalf, plaintiff in said
cause, took said proceedings to the supreme court on error,
and gave bond with sureties, in order to supersede so much
of said judgment as released the garnishee; that on No-
vember 12, 1894, the judgment of the lower court was
duly affirmed by the supreme court, and the garnishee
finally discharged (*Metcalf v. Bockoven,* 42 Nebr., 590);
that she had been deprived of the use of $5,000 due her
from the life insurance company from June 11, 1891, to
December, 22, 1894, to her damage in the sum of $1,225.75;
that she had been compelled to travel from Philadelphia
to Omaha at great expense and loss of time so as to de-
fend said suit, to her further damage in the sum of $500;
that she had been compelled to employ counsel in defend-
ing said cause in the district court of Douglas county and
in the supreme court of Nebraska, and had incurred as
an obligation a reasonable compensation for their serv-
ices; that their services were necessary and reasonably
worth the sum of $2,000; that she had commenced and
was then prosecuting an action on the supersedeas bond
to recover the sum of $771, being the amount of her dam-
ages by reason of the loss of the use of the $5,000 insur-
ance money from the 9th day of November, 1892, to the
22d day of January, 1895, leaving the amount due her
over and above the amount sued for on the bond the sum
of $3,954.70, for which she prayed judgment against Hor-
ace C. Metcalf. To this petition Horace C. Metcalf, on
February 21, 1897, filed an amended answer, alleging first
that the cause set out in the petition, which had been
brought in Douglas county, Nebraska, had been brought by
an attorney, one Edgar H. Scott, without his knowledge
or consent; that after said action had been commenced
he was notified of the same; that he consulted said Scott

and also one Sheean, a duly licensed attorney of Ana-mosa, Iowa; that he laid all facts and circumstances before said counsel, fully and truthfully, and was by them advised that he had a good cause of action against Anna S. Bockoven, and by their counsel and advice he continued the prosecution of the case which had been begun; and by way of further answer, denied any malice, and pleaded that Anna S. Bockoven had transferred her right and claim under the insurance policy mentioned to one Lydia D. Stott, and that she had no further interest therein, and that she had already instituted an action in the county court of Douglas county upon the supersedeas bond which he had given to hold in force the garnishment against the life insurance company. To this answer a reply was filed, admitting the assignment of the life insurance policy, but alleging that it was assigned only as collateral security; admitting the commencement of the action in the county court of Douglas county on the supersedeas bond, but pleaded that said suit was brought against said Horace C. Metcalf and one J. J. Gibson, his surety on said bond, jointly, and not otherwise; that said Gibson had appealed from the judgment in said cause; and that said cause is still pending and undetermined.

Many errors of the trial court are assigned by plaintiff in error, but they may be considered under four general assignments, as follows: (1) That the petition failed to state a cause of action; (2) erroneous rulings of the trial court in the admission and exclusion of evidence; (3) errors of the court in the giving and refusal of instructions; (4) that the verdict was reached by the jury by an improper method. These questions will be considered in the order stated.

Plaintiff in error contends that the petition does not state a cause of action, because "an action will not lie for malicious prosecution of a civil suit without probable cause, where there has been no arrest of the person or seizure of the property of the defendant," and that the attachment and garnishment proceedings in Douglas

60

county against the life insurance company were so fatally
defective that the court acquired no jurisdiction over the
insurance company or over the funds in its hands, and,
therefore, Anna S. Bockoven should have disregarded
them. And, again, even if the attachment and garnish-
ment proceedings were valid, the petition failed to allege
that the attachment and garnishment were sued out ma-
liciously and without probable cause, and, therefore, there
could be no recovery. The petition contains an allega-
tion as follows: "Plaintiff further alleges that the defend-
ant, contriving and intending to vex, harass and annoy
this plaintiff, afterwards, and on or about the 11th day
of June, A. D. 1891, maliciously and without probable cause
therefor, commenced an action against the plaintiff by
the style of Anna C. Bockoven, in the district court of
Douglas county, Nebraska, impleaded with his son, one
Alphonso J. Metcalf, falsely alleging in his petition filed
in said cause that this plaintiff and the said Alphonso J.
Metcalf were partners," etc. The attachment and garnish-
ment proceedings were ancillary only, and rest upon the
main case; and, that having been brought maliciously and
without probable cause, there is no legal foundation upon
which the attachment and garnishment could rest. They
are dependent proceedings, having no right of existence
except as auxiliary to the cause of action pleaded in the
petition. We can conceive that an attachment and gar-
nishment might be sued out maliciously and without prob-
able cause, while the suit was brought in good faith and
for probable cause. But we can not conceive of an attach-
ment and garnishment being without malice and for prob-
able cause, when the suit to which they are ancillary was
brought maliciously and without probable cause. It fol-
lows, therefore, that defendant in error was not required
to plead in her petition that the attachment and garnish-
ment proceedings were sued out maliciously and without
probable cause.

It is contended with much earnestness by counsel for
plaintiff in error that an action can not be maintained

for the malicious prosecution of a civil suit; that, the attachment and garnishment proceedings being void for want of jurisdiction, there can be no recovery. Many authorities are cited in support of the proposition that no action will lie for the institution and prosecution of a civil suit with malice and without probable cause, when there is no arrest of the person or seizure of the property of the defendant. These decisions proceed upon the theory that, when a party against whom a civil suit has been brought maliciously and without probable cause recovers costs at the termination of the suit, he is sufficiently compensated for the loss he has sustained. This doctrine arose in England, and its history seems to be as follows: Prior to the reign of Henry III. no person could maintain a civil action without having two or more persons as pledges of prosecution, and, if he failed to recover in the action brought, he and his pledges were amerced to the king. This practice seems gradually to have fallen into disuse, partly because the amercement went to the king, and the defendant in the action received no benefits, and partly because it came to be abused by plaintiffs-supplying as pledges persons of mean estate, or even fictitious persons; and about the middle of the thirteenth century, parliament decreed that the successful party should in all cases recover his costs, and this seems to have remained the law in England to the present time. 21 Am. Law Reg., p. 281. Under these conditions, the uniform holding of the English courts has been that the action could not be maintained. This doctrine has been followed by many of the courts of this country. The law of England made a part of the costs, attorneys' fees, and such other costs and expenses as were incidental to the preparation of the defendant's case for trial; and this was supposed to be a sufficient punishment to deter a party from commencing a suit maliciously and without probable cause, and was also intended to fully recompense the party against whom the suit was brought. It was said that, the defendant having been reimbursed for his costs and expenses, he would not

be permitted to maintain an action to obtain a second satisfaction. In jurisdictions such as our own, where a party can not recover his attorneys' fees or the expenses incident to preparing his defense, the reason for the rule fails, and justice would seem to say that the defendant against whom a civil suit had been brought maliciously and without probable cause, should be permitted to recover in an action for malicious prosecution compensatory damages. *Pope v. Pollock,* 46 Ohio St., 367; *McPherson v. Runyon,* 41 Minn., 524; *Marbourg v. Smith,* 11 Kan., 554; *Kolka v. Jones,* 71 N. W. Rep. [N. D.], 558. This question, however, is not necessary to a determination of this case. As hereinafter appears, the attachment and garnishment did result in a seizure of the property of defendant in error; and it follows that the petition states a cause of action, and the first contention of plaintiff in error can not be sustained.

It is contended by plaintiff in error that the court erred in admitting in evidence the affidavit of attachment and garnishment, and the other proceedings concerning the garnishment, for the reason that they were void for want of jurisdiction. The affidavit in attachment filed in the suit in Douglas county set up that Anna S. Bockoven was a non-resident of the state, and was absent therefrom, and that she had property and rights in action in said Douglas county. The affidavit of garnishment states that "the affiant has good reason to believe and does believe that the Ætna Life Insurance Company, a corporation and within the county of Douglas, has property of the said defendant, Anna S. Bockoven, in its possession, to-wit." It will be noticed that the affidavit says, in substance, that the Ætna Life Insurance Company is a corporation within said Douglas county, and that it has property in its possession belonging to the defendant in error, and also that it is indebted to defendant in error. This affidavit seems to have been very skillfully drawn, with a view to confer jurisdiction on the district court, and we

are not able to say that the pleader did not accomplish his purpose. The most that can be said of these garnishment proceedings is that they were voidable, but not void. Being voidable only, they were sufficient to give the court jurisdiction over the life insurance company and the fund. They were sufficient to hold the money from the defendant, and, when the proceedings were discharged by the district court, plaintiff in error gave a supersedeas bond and so kept the garnishment in force until the final disposition of the case in this court. Plaintiff in error, having invoked the powers of the court for the purpose of impounding the fund, and having succeeded in such undertaking, can not now be heard to urge that the proceedings were invalid.

It is also contended that defendant in error should have taken steps to procure the dissolution of the attachment and thus reduced the amount of the damages. The attachment was obtained on the ground that defendant in error was a non-resident, and this she could not deny. She was amply justified in permitting the attachment and garnishment proceedings to abide the result of the suit.

Plaintiff in error also complains of the action of the trial court in admitting in evidence the pleadings and affidavits in attachment and garnishment in the case in Douglas county. We are unable to see in what respect plaintiff in error was prejudiced by this action. These were the original papers filed in the district court in the case which it was claimed plaintiff in error had commenced maliciously and without probable cause. This was competent evidence to sustain the cause of action set out in the petition. Plaintiff in error, having instituted the cause, and procured such proceedings to be had, is not now in a position to complain of their introduction in evidence.

Many other objections to the rulings of the trial court on the admissibility of evidence are urged, but they need not be considered in detail. The complaint of plaintiff in error seems to be based upon two propositions: First, that

the petition failed to state a cause of action, because it did not allege that the attachment and garnishment were maliciously sued out, and without probable cause; and, second, that plaintiff in error should have been allowed to show that defendant in error was actually indebted to him. As we have seen, the first contention is not well taken, and the claim of defendant in error that plaintiff in error was indebted to him having been adjudicated and finally determined in the other action, could not properly be retried in the case at bar. It follows, therefore, that neither of the positions taken by plaintiff in error can be sustained.

It is contended by counsel for plaintiff in error that the court erred in withdrawing from the consideration of the jury the fifth and seventh defenses pleaded in the answer. Concerning the fifth defense, it may be said, first, that plaintiff in error, in his answer, pleaded that Anna S. Bockoven, defendant in error, had sold, assigned and transferred all her interest in the life insurance policy to one Lydia D. Stott, and that defendant in error had no interest whatever in such life insurance money. The reply filed admitted the assignment, but alleged that it was made as security only for money loaned or advanced, and advances thereafter to be made. Under this state of the pleadings the burden was upon plaintiff in error to establish what he pleaded, viz., that defendant in error had transferred all her interest in the life insurance money, and that she then had no interest therein. This plaintiff in error failed to do, and his fifth defense was, therefore, properly withdrawn from the jury.

The seventh defense set out in the answer is that suit had already been brought in the district court of Douglas county. It appears from the pleadings and evidence that the cause mentioned was still pending and undetermined, and it also appears that a different cause of action was pleaded. To constitute a defense, plaintiff in error must have pleaded and proved that the two causes of action were identical. Plaintiff in error having failed in these

particulars, the trial court very properly withdrew both questions from the consideration of the jury.

Many instructions were given by the court and many requested by plaintiff in error were refused, of which complaint is made. It is not necessary to examine these instructions in detail. It is sufficient to say that the instructions seem to have been given with great care, and, taken together, very fully and correctly state the law of the case. The instructions requested by plaintiff in error were based upon the theory that the petition of plaintiff failed to state a cause of action for the reasons hereinbefore discussed, and were, therefore, properly refused.

It is claimed that the jury employed an improper method in arriving at their verdict. It appears from the record that the jury ballotted a long time without reaching an agreement as to the amount of damages which should be awarded defendant in error, the amounts ranging from $4,500 to $1,500. Finally a juryman suggested that defendant in error be given one-half of the amount for which suit was brought. This suggestion was put in the form of a motion, but was not agreed to. But a little later it was agreed that defendant in error should be awarded one-half of the amount for which suit was brought. This is not ground for setting aside the verdict. *Village of Ponca v. Crawford,* 23 Nebr., 662.

We find no error in the record, and it is therefore recommended that the judgment of the trial court be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.