OSCAR S. HERBERT, APPELLEE, v. AUGUST KATZBERG, APPELLANT.

FILED APRIL 17, 1920.   No. 21031.

1. Evidence examined, and *held* to support the verdict.

2. Trial: QUOTIENT VERDICT. The mere fact that jurors upon retirement ascertained the amount to which each juror believed the plaintiff was entitled, and afterwards agreed upon the average of these amounts as the amount of recovery, does not avoid the verdict, where it also appears that there was no previous agreement that the sum thus arrived at should be controlling, and no juror was bound to accept this amount unless he believed it to be a just and fair estimate of the damages sustained.

APPEAL from the district court for Adams county: WILLIAM C. DORSEY, JUDGE. *Affirmed on condition.*

*Walter M. Crow,* for appellant.

*James E. Addie, contra.*

LETTON, J.

Plaintiff was bitten by a dog belonging to defendant. He charges that the dog was a vicious and dangerous animal; that it was permitted to run at large, although defendant well knew this fact and that he was in the habit of attacking human beings. The answer was a general denial.

We think the evidence sustains the verdict. The evidence shows that the plaintiff, who was a painter by trade, went to the defendant's house upon business. While approaching the house, three dogs ran out towards him, and he was bitten by a young shepherd dog belonging to defendant. Defendant's evidence tends to prove that the dog which inflicted the injuries belonged to one Abel, and was a brother to defendant's dog, but the evidence is sufficient to sustain the verdict of the jury as to the identity of the offending canine.

The doctor who attended plaintiff testified that there were four wounds made, the lower one much the deepest, being about a half to three-quarters of an inch in depth; another was very small and not so deep. There was also a wound that appeared as though something had penetrated the skin and torn its way out and left a ragged edge, and just above that there was a small wound just penetrating the skin. He opened the punctured one, cauterized all the wounds, packed the lower one with gauze and treated it with an antiseptic ointment. He also testified that there was danger of hydrophobia for two years from the time that a person is bitten by a dog which may be affected by rabies, and that plaintiff seemed very much concerned and worried for fear of this disease.

Did the defendant have reason to believe that the dog was liable to bite human beings? The evidence might be stronger upon this point. We think there is barely sufficient to justify a finding that defendant knew this characteristic of the dog, but, taking it all together, we think it enough.

It is also argued that the verdict was arrived at by the quotient method, and is therefore void. The evidence taken upon the hearing of the motion for a new trial does not sustain this assignment. It is true that the jurors each wrote what he believed the amount of the verdict should be, and that these sums were afterwards added and the average taken; but there is no proof that there was a previous agreement that this should be taken as the amount of recovery; in fact, most of the members of the jury, who were called to the witness-stand and examined orally, denied this, and also testified that after the average had been ascertained the question as to the amount of damages was discussed, and finally this average amount was adopted as a fair recovery. That it is not an unusual method in a jury room to let each juror write the amount of damages which he believes a plaintiff should recover upon a slip of paper, and thus ascertain the average of their views, the writer can state from his own experience, when as a young man he performed a part of his civic duties by serving as a juror in several cases. As long as the jurors do not agree in advance that this average shall be their verdict, and still reserve the right to their individual judgment before the verdict is reached, this method, while not to be commended, is not illegal. *Village of Ponca v. Crawford*, 23 Neb. 662; *Metcalf v. Bockoven*, 62 Neb. 877.

It is claimed that the amount of damages is excessive. From the plaintiff's own testimony it appears that he suffered but slight pecuniary loss. Probably $40 would cover everything expended for medical services, medicine used, and bandages. Loss of earnings was not proved to any great extent. The gravest injury that he seems to have suffered was from worry and nervous strain arising from fear of hydrophobia. There is no doubt that this continued for a long time after the wound had perfectly healed, and caused him considerable distress, both mental and physical. The wounds soon healed, and

the danger from hydrophobia was more apparent than real. There is no proof that the dog was other than a perfectly healthy animal. We believe the damages awarded are excessive under all the circumstances. If plaintiff remits all of the original judgment in excess of $600 within forty days, the judgment of the district court is affirmed; otherwise the judgment is reversed and remanded for further proceedings.

AFFIRMED ON CONDITION.

ROSE, J., not sitting.