William M. Iodence, appellee, v. Herman A. Peters et al., appellants.

Filed April 2, 1902.   No. 11,272.

Commissioner's opinion, Department No. 3.

1. **Intervener: Defective Petition: Dismissal: Appeal.** An intervener whose petition does not state facts sufficient to constitute a cause of action, and who does not pray for any judgment which the court has jurisdiction to render, should be dismissed from the action; and if. he obtains a judgment with which he is not satisfied, and appeals therefrom, this court will render the judgment of dismissal which ought to have been rendered below.

2. **Real Estate Sold for Taxes: Constitutional Guaranty.** By the constitution of this state owners of real estate sold for taxes are guaranteed two years from the date of the sale within which to redeem, and the statute provides that a tax purchaser, or his assignee, shall not be entitled to foreclose his lien until after the time of redemption has expired. It follows that a petition seeking to foreclose a tax lien which does not show that the land has been sold for taxes, and that at least two years have expired after the date of the sale, does not state facts constituting a cause of action.

3. **Petition: Objection.** The objection that a petition is indefinite and uncertain can not be presented for the first time in this court.

4. **What Constitutes a Mortgage.** An instrument in writing, properly executed, which shows upon its face that it is intended to charge a lien upon real estate to secure the payment of a specified debt, is sufficient to constitute a mortgage in this state.

Appeal from the district court for Dawes county. Heard below before Westover, J. *Affirmed in part.*

*Allen G. Fisher,* for appellants.

*Albert W. Crites, contra.*

Ames, C.

This is an appeal from a decree of foreclosure and sale of certain real estate for the satisfaction of a mortgage and of tax liens thereon. None of the evidence adduced on the trial was preserved in the form of a bill of excep-

tions, and we have therefore to inquire only whether the decree is warranted by the pleadings. The petition for the foreclosure of the mortgage alleges that the instrument, together with the notes the payment of which it is conditioned to secure, were executed to the McKinley-Lanning Loan and Trust Company, and afterwards, for value, indorsed, assigned and delivered to the plaintiff. The granting clause of the mortgage runs to the trust company, or its successors or assigns. The answer is substantially a general denial. It is objected to the petition, first, that it does not allege that the payee and mortgagee is a corporation; but this is not important. A partnership may be the payee of negotiable paper and the grantee in a mortgage executed to secure its payment. The question whether it may also be a grantee in a deed purporting to convey the fee of real estate is not presented. The second objection, that the use of the connective "or" instead of "and" in the granting clause makes the description of the mortgage so indefinite and uncertain as to avoid the instrument, is not well taken. The intent of the parties to charge the land with a lien for the security of the notes in which the trust company was named as payee is not doubtful, and this is all that is required in this respect to constitute a valid mortgage in this state. The petition contains an allegation "that no action at law has ever been brought in any court for the recovery of the amount due on said promissory notes and mortgage deed, nor has any part thereof ever been collected and paid, and the full amount thereof for principal and interest is now due this plaintiff thereon." It is objected that this is not a sufficiently definite allegation that no proceedings at law have been had for the recovery of the mortgage debt or any part thereof, and that said debt and no part thereof has been collected or paid; but the language used is very nearly equivalent in meaning to that employed in the statute, and no objection was made in the district court, either by demurrer or by motion to make it more definite and certain. In accordance with an often-repeated rule of this court,

the petition must be regarded as sufficient when assailed for the first time upon appeal.

The tax liens were brought into the litigation by a petition in intervention filed by the appellant West. The land was sold to the county for delinquent taxes on the 20th day of August, 1898. On the 13th day of July, 1899, after the beginning of the foreclosure suit, the certificates were sold and assigned to the intervener, and his petition in intervention was filed on the same day. To this petition no answer was ever made, and on the 12th day of September, thirteen months after the tax sale, the court by its decree adjudged a first lien in behalf of the intervener for the amounts named in his certificates and tax receipts, with twenty per cent. interest from dates of payment, but refused to award him attorney's fees thereon, and the decree is silent as to the rate of interest to be borne thereby. In this decree all parties acquiesced, except the intervener, who appeals and complains because he was not allowed attorney's fees, and because the amount found due is not adjudged to bear ten per cent. interest. We think that he has no just cause of complaint. His action for foreclosure, by intervention, was prematurely brought, and but for the acquiescence of the other parties to the suit should have been dismissed. By the terms of the statute under which he claims (Compiled Statutes, ch. 77, art. 4), he succeeded only to the rights of foreclosure acquired by the county by reason of the tax sale, and by the same statute that right did not accrue until fourteen months after his petition was filed and eleven months after the decree was entered; that is to say, not until after the time of redemption had expired, which is fixed by both the constitution and the statute at the expiration of two years from the date of sale.

There was no answer or other pleading or appearance to the petition in intervention by either of the other parties to the action, and the petition prayed for no judgment which the trial court had jurisdiction to render. The authority of this court in case of reversal upon error or appeal is limited by section 594 of the Code "to render-

ing such judgment as the court below should have rendered, or to remanding the cause to the court below for such judgment." The last named court could not lawfully have rendered a judgment of foreclosure and sale of the premises for any amount, for the satisfaction of the intervener's alleged lien for taxes, and its attempt so to do must be reversed and vacated. The intervener does not plead any facts showing that his rights as prior lienholder were in any way imperiled by the foreclosure proceeding, and it is impossible to conceive that they could have been in any respect affected thereby. A mere finding or decree by the court that he had a valid prior lien for taxes on the premises, which, if not sooner discharged, would mature more than a year subsequently, was not prayed for, and if granted would not have benefited his condition in any respect. He therefore advanced nothing in his pleading which called for any judicial action. Having, under such circumstances, obtained a judgment in his favor, one of two courses was open to him. First, to acquiesce therein as did the other parties to the suit; or to appeal to this court and obtain a reversal and a dismissal of his proceeding in intervention.

It is recommended that the judgment of the district court, in so far as it decrees a foreclosure and sale of the premises for the satisfaction of the plaintiff's mortgage, be affirmed, but that, in so far as it decrees a foreclosure and sale for the satisfaction of the intervener's tax lien, it be reversed, and the petition in intervention dismissed.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court, in so far as it decrees a foreclosure and sale of the premises for the satisfaction of the plaintiff's mortgage, be affirmed, but that, in so far as it decrees a foreclosure and sale for the satisfaction of the intervener's tax lien, it be reversed, and the petition in intervention dismissed.

JUDGMENT ACCORDINGLY.