MASON BROWN, APPELLEE, v. CHARLES H. GRAHAM, APPELLANT.

FILED DECEMBER 5, 1907. No. 14,968.

1. Animals: RUNNING AT LARGE. A dog is not running at large within the meaning of section 20, art. I, ch. 4, Comp. St. 1905, when he is within calling distance and sight of the owner's family and under their control.

2. Evidence examined, and found to support the instruction of the court that no person has a right to kill a dog for past and finished misconduct of the dog so killed.

3. Animals: STATUTE: CONSTRUCTION. Section 4 of the act of 1877 (Comp. St., ch. 4, art. I, sec. 20) was intended to give protection to sheep and those domestic animals which are ordinarily the prey of dogs; and not to give the owner of one of the participants in a dog fight the right to kill the other dog.

4. ———: INSTRUCTIONS. Where a jury is instructed that the burden of proof was upon the plaintiff to show that defendant wrongfully killed the plaintiff's dog, the word wrongful is presumed to be used in its legal, and not its ethical, sense.

APPEAL from the district court for Nemaha county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*H. A. Lambert* and *E. Ferneau,* for appellant.

*Stull & Hawxby, contra.*

CALKINS, C.

The plaintiff and defendant were neighboring farmers, their residences being near together, and separated by a wire fence. Each owned a dog; and the two dogs were discovered fighting near the residences of the parties, and upon the defendant's side of the fence, by the defendant's hired man. While the latter was endeavoring to separate the dogs, and as the plaintiff's wife and children appeared upon the scene, the defendant came with a revolver and fired ·two or three shots at plaintiff's dog, some one or more of which proved fatal to the dog, and he died upon his master's premises, whither he had gone after the firing of the first shot. The plaintiff brought this action to recover damages for the loss of the dog. The case ·was tried to a jury, who found for the plaintiff in the sum of $25, and from a judgment rendered upon such verdict the defendant appeals.

1. The district judge, at the request of the defendant, charged the jury that under the law of this state it is the duty of the owner of any dog to place upon the neck of such dog a good and sufficient collar, with a metallic plate thereon, upon which shall be inscribed the name of such owner; and that, if the owner of any dog permits the same to run at large without said collar and plate, he cannot maintain an action for the killing of any such dog while so running at large. The jury were also instructed, at the request of the defendant, that a dog is running at large when he leaves the premises of his owner, no one having control of said dog being near said dog; and the court, on his own motion, instructed the jury that "a dog is to be considered running at large when he is away from

the premises of his master, roaming at his will, and out from under the control of his master or owner." At the request of the plaintiff, the court further instructed the jury that, "if you believe from the evidence that prior to the shooting the dog that was killed was on the defendant's land, that said dog was within calling distance and in sight of the plaintiff's family and under their control, then and in that event the dog was not running at large." Of these latter instructions the defendant complains. These instructions were predicated upon section 5 of the act of 1877 (Comp. St. ch. 4, art. I, sec. 20), which provides that it shall be lawful for any person to kill any dog running at large on whose neck there is no such collar. We think the instructions, taken together, correctly defined the words running at large, and gave the defendant as favorable an interpretation of this section as he was entitled to.

2. There was evidence tending to show that the plaintiff's dog ran away at the first shot, and that the defendant continued shooting at him after he had ceased fighting and had returned to his master's premises; and a jury would have been justified from the evidence in finding that the fatal shot was fired after the dog had left the defendant's premises. Under these circumstances, the judge instructed the jury that no person has a right to kill a dog for past and finished misconduct of the dog so killed. The statute gives no license to a person to destroy the dog of another, although the dog may have no collar with the owner's name inscribed thereon, when the dog is upon the owner's premises, or in close proximity to the home of the owner, and under the control or within the call of the owner's family. In other words, when a dog is within a short distance of the owner's family, who have control of the animal, and within calling distance of said family, then said dog is not at large, although he may be on the premises of another person. We think this instruction was applicable to the evidence, and correctly states the law.

3. The defendant asked the court to charge the jury that if, at the time the defendant shot the dog of the plaintiff, the said dog was doing damage to the dog of the defendant, then and in that case the defendant had a right to kill said dog, and is not liable therefor; and this instruction was by the court refused. The act of 1877 was entitled "An act to prevent sheep and other domestic animals from being killed by dogs." Laws 1877, p. 156. Section 1 of this act made the owners of dogs liable for all damages that might accrue to any person by reason of such dog or dogs killing, wounding, worrying or chasing any sheep or other domestic animal belonging to such other person. Section 2 of the same act provided that, if two or more dogs owned by different persons shall kill, wound, chase or worry any sheep or other domestic animal, such persons shall be jointly and severally liable for the damage done by such dog; while section 4 provides that any person shall have the right to kill any dog found doing any damage aforesaid to any sheep or domestic animal. The defendant contends that his dog was a domestic animal, and that the plaintiff's dog was within the meaning of this statute doing damage to his dog, and that he therefore had a right to kill him. We cannot agree to such an interpretation of the statute. The title of the law and the provisions of the statute all show that the intent of the legislature was to give protection to sheep and those domestic animals which are ordinarily the prey of dogs, and not to give the owner of one of the participants in a dog fight the right to kill the other dog. In construing statutes, the causes which led to the enactment of the law are to be considered, and, if one interpretation would lead to an absurdity and the other not, we must adopt the latter. There was therefore no error in refusing this instruction.

4. In one of the instructions given by the district judge the jury were told that a dog is personal property, and has a money value which the owner may recover from one who wrongfully kills the same; and in another that the burden of proof was upon the plaintiff to show that the

defendant wrongfully killed the plaintiff's dog. The defendant complains of the use of the word "wrongful" in this instruction, and argues that the killing might have been lawful and yet wrongful. The standard of wrong must be a legal standard, and nothing can be said to be wrong in law which is lawful. If the defendant apprehended that the jury might understand the word "wrongful" to include a moral or ethical wrong, he should have prepared and presented an instruction covering that point; otherwise it must be assumed that the jury understood the word in its ordinary legal sense.

There being no error in the record, we recommend that the judgment of the district court be affirmed.

AMES, C., concurs.

FAWCETT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.