LILLIAN G. NETUSIL, APPELLEE, v. JOHN J. NOVAK, APPELLANT.

FILED MARCH 17, 1932. No. 28147.

*Kennedy, Holland & De Lacy*, for appellant.

*Grenville P. North, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is an action to recover damages resulting from an attack on plaintiff by a dog known by its owner, the defendant, to be vicious. Defendant in his answer denied the facts on which the action was based and pleaded that the personal injuries of which complaint was made were not due to an attack by his dog. Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for $4,500, upon which judgment was entered. Later the trial judge, on his own motion, without ruling on defendant's motion for a new trial, set aside the judgment on the verdict and dismissed the action. From the dismissal plaintiff appealed. Upon a review in the supreme court the judgment of dismissal was reversed and the cause remanded, with directions to the court below to reinstate the verdict and the judgment thereon and to rule on the motion by defendant for a new trial. *Netusil v. Novak,* 120 Neb. 751.

In compliance with the mandate of the supreme court, the district court reinstated the verdict and the judgment for $4,500 and required plaintiff to remit therefrom $1,000 as a condition of overruling the motion of defendant for a new trial. Plaintiff filed the remittitur conditionally required. The motion for a new trial was overruled and defendant appealed from the judgment for $3,500.

Evidence tending to support the allegations of the petition was summarized in the former opinion wherein it was held that plaintiff made a case for the consideration of the jury. Evidence sufficient for a recovery and pertinent rules of law were explained on the first appeal. On the present appeal it was vigorously argued that the questions of law and fact considered on the former appeal should be reexamined and different conclusions reached. The exceptional course suggested has occasionally been taken, but there is no error in the rulings on the former appeal to call for a restatement of evidential facts or principles of law or for different conclusions.

An instruction is criticized in argument as erroneous and prejudicial, but it is not now subject to review, for the reason the giving of it was not assigned as error in the motion for a new trial.

Other questions are raised and discussed by defendant, but an error prejudicial to him has not been found. The judgment as reduced by remittitur is

AFFIRMED.