MARGUERITE DONNER, APPELLANT, v. DONALD PLYMATE, APPELLEE.

228 N. W. 2d 612

Filed May 1, 1975. No. 39769.

Yost, Schafersman, Yost & Lamme, for appellant.

Ray C. Simmons, for appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., and HAMILTON and BLUE, District Judges.

HAMILTON, District Judge.

This is an action brought by Marguerite Donner to recover damages under section 54-601, R. R. S. 1943, for personal injuries sustained in a fall that she alleges was caused by a dog owned by Donald Plymate.

In her petition appellant alleges that "plaintiff, while at the residence of the defendant in North Bend, Nebraska, was worried and chased by the defendant's large German Shepherd dog, which wounded her by knocking her down."

The appellee filed an amended answer alleging that appellant assumed the risk, was guilty of contributory negligence, and that the sole proximate cause of the injury was appellant's actions.

Appellee moved for a summary judgment stating that the pleadings and depositions show there is no genuine

issue as to a material fact and that appellee was entitled to judgment as a matter of law. The trial court sustained the motion for summary judgment without stating any reasons, but on appeal both parties treat the basis for the trial court's action as a finding that section 54-601, R. R. S. 1943, was applicable to the factual situation.

There were no witnesses to the incident. Appellee took the deposition of appellant and offered it in evidence to support the motion for summary judgment.

The appellant is a sister-in-law of appellee, and was employed by him to do painting and redecorating at his home. Over a period of several weeks she had been so employed and a pattern developed where she would, after eating lunch, take her dog and the appellee's dog outside to allow the dogs to run and exercise for 15 to 20 minutes each day.

The incident in question occurred when appellee's dog, while exercising, struck the appellant's knee while she was stepping back, causing her to fall and sustain injury. She acknowledged that the dog was in a playful mood, and when asked to describe what the dog was doing when the injury happened, she answered: "Chasing at me and I stepped back, took one step and he hit my right knee."

Appellant described the dog's activities as just chasing at her without being intentionally mean; that it did not growl at her and seemed playful; that the dog would run in circles during the exercise periods and would run at her on occasions, estimated at more than a dozen times; that this was done by the dog in an effort to get exercise and be playful; and that the dog never acted mean on these occasions.

Our present section 54-601, R. R. S. 1943, was originally enacted imposing liability for dog owners for damages by reason of such dog or dogs killing, wounding, worrying, or chasing any sheep or other domestic animals.

In 1947 the statute was amended to include liability

for damages to persons having been bitten by dogs. In 1961 the statute reached its present form so as to include not only damages to persons bitten by dogs, but also includes any and all damages "to *any person,* firm or corporation by reason of such dog or dogs killing, *wounding, worrying, or chasing any person* or persons or any sheep or other domestic animals * * *." (Emphasis added.)

In Pettigrew v. Home Ins. Co., 191 Neb. 312, 214 N. W. 2d 920, this court said: "In the construction of a statute, effect must be given, if possible, to all its several parts. No sentence, clause, or word should be rejected as meaningless or superfluous, if it can be avoided; but the subject of the enactment and the language employed, in its plain, ordinary, and popular sense, should be taken into account in order to determine the legislative will." In Johnson v. School Dist. of Wakefield, 181 Neb. 372, 148 N. W. 2d 592, the court stated: "In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purposes rather than one which will defeat it." See, also, Rebman v. School Dist. No. 1, 178 Neb. 313, 133 N. W. 2d 384.

The purpose of the original statute was to protect domestic animals, which are ordinary prey of dogs. Brown v. Graham, 80 Neb. 281, 114 N. W. 153. This protection was extended to persons in 1961 by L. B. 205, the history of which indicates a legislative concern for children and adults being attacked by dogs in the Douglas County area.

The Legislature, by enacting section 54-601, R. R. S. 1943, removed the common law restriction of proving scienter or knowledge of the dangerous propensities of dogs, but only as it applied to the actions of dogs specified in the statute.

Obviously the Legislature was fully aware of the need for protection from the intentional, deliberate, and pur-

poseful acts of dogs and as a result restricted section 54-601, R. R. S. 1943, to those acts manifesting such qualities.

Dog owners are statutorily liable for any and all damage without proof of scienter or knowledge of dangerous propensities of their dog for biting and by reason of such dog or dogs killing, wounding, worrying, or chasing domestic animals and persons.

The appellant sought relief under the allegation that she was worried and chased by the dog, which wounded her. She has detached and separated the statutory wording of wounding, worrying, and chasing. The words must be read together, the meaning of each is dependent on the other in the context that the Legislature chose to place them. The meaning of each is determined by the accompanying words.

The word "wound" is defined: "An injury of a person or animal in which the skin or other membrane is broken, as by violence or surgery." Webster's Collegiate Dictionary (5th Ed., 1948). The word "chase" is defined variously as "to follow quickly or persistently in order to catch or harm" and "to make run away; drive" or "to go in pursuit." The word "worry" means "to treat roughly as with continual biting" or "to bite or tear with the teeth." Webster's New World Dictionary (1971 Ed.).

When the words killing, wounding, worrying, or chasing as used in section 54-601, R. R. S. 1943, are read together they exclude playful and mischievous acts of dogs.

The factual situation as shown by the deposition of appellant clearly shows that her injury was caused by the playful and mischievous act of appellee's dog and not within the scope of protection afforded by section 54-601, R. R. S. 1943.

The motion for summary judgment was properly sustained. The action of the trial court was correct and its judgment is affirmed.

AFFIRMED.