MARK PAULSEN, A MINOR, BY AND THROUGH RANDALL L.
PAULSEN, HIS FATHER AND NEXT FRIEND, APPELLANT, V.
ROBERT COURTNEY AND SUSAN COURTNEY, HUSBAND
AND WIFE, APPELLEES.

277 N. W. 2d 233

Filed April 3, 1979.  No. 41869.

Roger R. Holthaus, for appellant.

Pilcher, Howard & Dustin, for appellees.

Heard before SPENCER, Retired Justice, McCOWN,
and BRODKEY, JJ., and BLUE and REAGAN, District
Judges.

REAGAN, District Judge.

This is an action instituted by a minor through his
father and next friend for personal injuries received
from a dog bite.  The action was filed pursuant to
section 54-601, R. R. S. 1943, which provides as fol-
lows:  "Dogs are hereby declared to be personal
property for all intents and purposes, and the owner
or owners of any dog or dogs shall be liable for any

and all damages that may accrue (1) to any person, other than a trespasser, by reason of having been bitten by any such dog or dogs, and (2) to any person, firm or corporation by reason of such dog or dogs killing, wounding, worrying, or chasing any person or persons or any sheep or other domestic animals belonging to such person, firm or corporation. Such damage may be recovered in any court having jurisdiction of the amount claimed."

The defendant filed an answer generally denying the allegation of the plaintiff's petition, and alleging the plaintiff was a trespasser. The defendant further alleged whatever injuries were sustained by the plaintiff were proximately caused by the negligence of him and his parents and that the plaintiff voluntarily assumed the risk of injury to himself.

At the close of the plaintiff's case, defendant moved for an order dismissing the petition for the reason that the evidence showed that the plaintiff was in fact a trespasser, thereby falling outside of the provisions of the act. Said motion was denied. Thereafter, plaintiff's counsel moved the court to exclude testimony presented by the defense on anything other than trespass. The court denied the motion and advised the parties the court would permit the testimony with reference to provocation. At the close of all the evidence, the court refused to instruct the jury on the defenses of assumption of risk or contributory negligence, but did instruct the jury as to provocation and trespass. The jury returned a verdict for the defendant and against the plaintiff.

The evidence discloses that on September 10, 1976, defendant, Susan Courtney, called the plaintiff's mother to make arrangements for defendant's 5-year-old son to be supervised by plaintiff's mother after school. Plaintiff's mother picked up her younger son and the defendant's son, both age 5, and brought them to the plaintiff's home. The plaintiff, Mark Paulsen, age 10, arrived home at the same

time, and the children had milk and cookies in the Paulsen kitchen before going outside to play in the plaintiff's backyard.

All three boys climbed over the fence enclosing the defendant's yard, which was located immediately adjacent to the plaintiff's yard. The evidence indicated the boys had scaled the fence before and had seen others going over it. At this point, the evidence appears in conflict. The plaintiff maintains the defendant's dog began licking the boys. The plaintiff then walked the dog for a few minutes, had the dog sit, and then said, "Come on, Freckles, let's go." At this time, the dog attacked the plaintiff, biting him about the face, head, and neck.

The defendant's evidence was to the effect that the plaintiff had been previously observed, by a witness, antagonizing the dog. On the day of the dog bite, this witness testified he saw the plaintiff gouging at the dog with a stick, "making the dog very, very angry" and "literally torturing the animal." He saw the plaintiff climb up the fence, reach toward the dog, and the dog got hold of him on the hand. The plaintiff acknowledged the hand injury from the dog in addition to the injuries for which recovery was sought.

The defendant, Robert Courtney, testified he had seen the plaintiff run at the dog, scream at him, poke sticks at him, and throw little rocks or dirt clods at the animal. Three or four times the defendant, Robert Courtney, had caught the plaintiff at the fence poking at the dog. Each time the defendant had caught him, defendant had asked the plaintiff to leave the dog alone. Defendant, Robert Courtney, testified that the effect of this treatment by the plaintiff caused the dog to have an extreme dislike for the plaintiff. The defendant, Susan Courtney, testified she had seen the plaintiff antagonizing the dog, throwing things at the dog. She would tell him five times a week to leave the dog alone. The de-

fendant, Susan Courtney, had also asked the plaintiff's father, Mr. Paulsen, to ask the Paulsen boys to leave the dog alone.

The plaintiff's position at the time of trial and apparently on appeal is that section 54-601, R. R. S. 1943, creates a cause of action for strict liability on the part of a dog owner, and the only defense to the action is one of trespass.

At common law, in the absence of negligence, the owner of a dog was not liable for injuries caused by the dog, unless the animal had a propensity for viciousness and the owner had knowledge of the same. Warrick v. Farley, 95 Neb. 565, 145 N. W. 1020; Herbert v. Katzberg, 104 Neb. 395, 177 N. W. 650; Netusil v. Novak, 120 Neb. 751, 235 N. W. 335. This common law was abrogated by our Legislature when they adopted the provisions of section 54-601, R. R. S. 1943. It is, however, a recognized rule of construction that statutes which effect a change in the common law or take away a common law right should be strictly construed, and a construction which restricts or removes a common law right should not be adopted unless the plain words of the act compel it. Bishop v. Bockoven, Inc., 199 Neb. 613, 260 N. W. 2d 488. On that basis, the provisions of section 54-601, R. R. S. 1943, must be construed strictly by the court.

We have previously had occasion to examine the provisions of section 54-601, R. R. S. 1943, in the case of Donner v. Plymate, 193 Neb. 647, 228 N. W. 2d 612. We there said, "The Legislature, by enacting section 54-601, R. R. S. 1943, removed the common law restriction of proving scienter or knowledge of the dangerous propensities of dogs, but only as it applied to the actions of dogs specified in the statute.

"Obviously the Legislature was fully aware of the need for protection from the intentional, deliberate, and purposeful acts of dogs and as a result restricted section 54-601, R. R. S. 1943, to

those acts manifesting such qualities.

"Dog owners are statutorily liable for any and all damage without proof of scienter or knowledge of dangerous propensities of their dog for biting and by reason of such dog or dogs killing, wounding, worrying, or chasing domestic animals and persons."

It is, therefore, beyond question that section 54-601, R. R. S. 1943, creates a cause of action based upon strict liability on the part of a dog owner. The question, however, which remains unanswered is whether there is any defense available to an action founded upon strict liability. The answer to that question must depend to some extent upon an analysis of the purpose of the "dog bite" statute and its reasonable application. As noted in Donner v. Plymate, *supra*, the purpose of the statute, as amended, was to apply to persons as well as animals and to eliminate the requirement of proving scienter and the owner's knowledge of his dog's propensities. Nevertheless, it would seem strange indeed if one could now intentionally provoke a dog under any circumstances and yet hold an owner liable under the provisions of the "dog bite" statute. Obviously, some defense must exist in such a case.

An examination of the legal treatises discloses there are defenses available in a dog bite case, even where the cause of action is founded upon strict liability similar to section 54-601, R. R. S. 1943. The courts are not unanimous in their rationale for the specific defense available, but all concur in one manner or another that an individual who knowingly and intentionally provokes a dog should be barred from recovering. For a detailed discussion see the annotation in 66 A. L. R. 2d 916 and following. In any event, it is clear that knowingly and intentionally provoking a dog will constitute a valid defense. In 4 Am. Jur. 2d, Animals, § 106, p. 355, it is stated: "In actions based on statutory liability for injury by an animal, it has been generally held that the in-

jured person will be barred from recovering if he intentionally provoked the animal and thereby caused it to attack him * * *." If, in fact, the rule has heretofore been undeclared in this jurisdiction, we now adopt that rule from 4 Am. Jur. 2d, Animals, § 106, p. 355, and declare it to be the law in this jurisdiction.

Likewise, it is further clear that whether such provocation was intentional and knowing is a question of fact to be determined by the jury. In 4 Am. Jur. 2d, Animals, § 110, p. 360, the author notes, "The question whether one is guilty of intentionally provoking an animal and is thus barred from recovering for a resulting injury by the animal is generally considered a question of fact * * *." With that rule, we likewise concur.

The trial court correctly instructed the jury on the question of provocation, and the judgment on the verdict may not, therefore, be disturbed. The judgment of the trial court, entered pursuant to the verdict of the jury, is affirmed.

AFFIRMED.