DENISE A. GUZMAN, APPELLANT, V. JAMES BARTH, APPELLEE.

552 N.W.2d 299

Filed August 30, 1996.   No. S-94-598.

Thomas A. Gleason for appellant.

John R. Brogan, of Brogan & Brogan, for appellee.

WHITE, C.J., FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Denise A. Guzman appeals the district court's sustaining of a demurrer to her amended petition for damages as a result of being bitten by a dog owned by James Barth on Barth's property.

## SCOPE OF REVIEW

In considering a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995); *Calabro v. City of Omaha*, 247 Neb. 955, 531 N.W.2d 541 (1995); *Dalition v. Langemeier*, 246 Neb. 993, 524 N.W.2d 336 (1994).

## FACTS

Guzman's amended petition alleges that on May 15, 1993, she was driving a motor vehicle on Interstate 80, traveling with her elderly grandmother who was disabled. Guzman's vehicle became inoperable because of a mechanical break-

down, and she began walking to the nearest visible residence to seek emergency assistance.

As Guzman neared the fence surrounding Barth's residence, Barth's dog ran through an open gate and without warning violently bit her right leg. Guzman alleged that the sole proximate cause of her injuries was Barth's negligence in (1) failing to keep the dog chained when Barth knew of its dangerous and vicious tendencies; (2) failing to keep the dog confined to an area where it could not cause harm to others when Barth knew of its dangerous and vicious tendencies; (3) leaving the gate open, allowing the dog which Barth knew was dangerous to people to run loose; and (4) failing to provide any warning to Guzman of the dangerous dog. Guzman alleged that pursuant to Neb. Rev. Stat. § 54-601 (Reissue 1993), Barth was liable for any and all damages that occurred as a result of the dogbite.

Barth demurred to the amended petition, alleging that Guzman failed to state a claim upon which relief could be granted because Guzman failed to allege any facts which established that Guzman was not a trespasser. The demurrer was sustained, and Guzman timely appealed.

## ASSIGNMENT OF ERROR

Guzman alleges that the district court erred in holding that the amended petition failed to state a cause of action.

## ANALYSIS

The issue in this case is whether § 54-601 abrogated the common-law right of action for a dogbite. Section 54-601 provides:

Dogs are hereby declared to be personal property for all intents and purposes, and the owner or owners of any dog or dogs shall be liable for any and all damages that may accrue (1) to any person, other than a trespasser, by reason of having been bitten by any such dog or dogs and (2) to any person, firm, or corporation by reason of such dog or dogs killing, wounding, injuring, worrying, or chasing any person or persons or any sheep or other domestic animals belonging to such person, firm, or cor-

poration. Such damage may be recovered in any court having jurisdiction of the amount claimed.

For purposes of this opinion, we treat Guzman as a trespasser. There was no allegation that the injury did not occur on Barth's property, and Guzman has not alleged that she had actual or implied consent to be on Barth's property when the dogbite occurred. In *Kenney v. Barna*, 215 Neb. 863, 341 N.W.2d 901 (1983), we defined a trespasser as a person who enters or remains upon premises in possession of another without the express or implied consent of the possessor.

Guzman argues that we should adopt the doctrine of "private necessity" set forth in the Restatement (Second) of Torts § 197 (1965). Under this doctrine, one is privileged to enter on the land of another if the entry is necessary to prevent serious harm to the actor, his or her land or chattels, or third persons. *Id*. Consideration of this doctrine is not necessary for our decision in this case.

The issue is whether § 54-601 abrogated the common-law cause of action for dogbites. Under common law, the owner of a dog was not liable for injury caused by it unless the dog was vicious and the owner had notice of the fact that the dog was vicious. See, *Netusil v. Novak*, 120 Neb. 751, 235 N.W. 335 (1931); *Herbert v. Katzberg*, 104 Neb. 395, 177 N.W. 650 (1920); *Warrick v. Farley*, 95 Neb. 565, 145 N.W. 1020 (1914). In order to recover, the plaintiff first had to prove that the dog owner had knowledge of the dog's vicious tendencies. If the plaintiff proved that the owner knew or had reason to know that the dog had such a tendency, the dogbite was actionable and the dog owner was liable for the injuries caused by the dog. See *Netusil v. Novak, supra*.

Section 54-601 removed the "scienter" requirement with respect to nontrespassers. Nontrespassers are no longer required to prove that the dog owner had knowledge of the dog's vicious tendency or that the dog had previously bitten anyone in order to maintain the action against the owner. See, *Paulsen v. Courtney*, 202 Neb. 791, 277 N.W.2d 233 (1979); *Donner v. Plymate*, 193 Neb. 647, 228 N.W.2d 612 (1975). In *Paulsen*, we stated:

At common law, in the absence of negligence, the owner of a dog was not liable for injuries caused by the dog, unless the animal had a propensity for viciousness and the owner had knowledge of the same. [Citations omitted.] This common law was abrogated by our Legislature when they adopted the provisions of section 54-601 . . . . It is, however, a recognized rule of construction that statutes which effect a change in the common law or take away a common law right should be strictly construed, and a construction which restricts or removes a common law right should not be adopted unless the plain words of the act compel it. [Citation omitted.] On that basis, the provisions of section 54-601 . . . must be construed strictly by the court.

202 Neb. at 794, 277 N.W.2d at 235.

In construing a statute, a court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose. *In re Interest of Lisa O.*, 248 Neb. 865, 540 N.W.2d 109 (1995); *In re Guardianship & Conservatorship of Bloomquist*, 246 Neb. 711, 523 N.W.2d 352 (1994). In addition, this court will, if possible, try to avoid a construction which would lead to absurd, unconscionable, or unjust results. *Nichols v. Busse*, 243 Neb. 811, 503 N.W.2d 173 (1993).

We hold that § 54-601 does not abrogate the common-law tort action for injuries caused by dogbites. The common law that was abrogated by the adoption of § 54-601 was the requirement of knowledge by the owner of the propensity for viciousness of the dog. Therefore, only a trespasser is still required to prove the dog owner's knowledge of the animal's propensity for viciousness. In *Paulsen*, we explained that the purpose of § 54-601 was to expand the liability of dog owners by removing the common-law requirement that the plaintiff prove that the dog owner had knowledge of the dog's vicious tendency. We do not find that it was the intent of the Legislature to immunize the owners of vicious dogs against any and all claims that might be advanced by a trespasser.

While § 54-601 exempts a dog owner from strict liability for injuries to a trespasser caused by the owner's dog, it does not cut off the common-law tort remedy available to a trespasser for a dogbite. A trespasser may still allege a common-law cause of action against the dog's owner. In doing so, the trespasser must prove that the owner had knowledge of the dog's vicious propensities. See *Netusil v. Novak*, 120 Neb. 751, 235 N.W. 335 (1931).

## CONCLUSION

In considering a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995). In the case at bar, Guzman has pled that Barth's dog bit her, causing her injury, and that Barth knew that his dog was dangerous and vicious. These allegations are sufficient to maintain a cause of action against Barth, and therefore, the district court erred in sustaining the demurrer.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

CAPORALE, J., participating on briefs.