**Leslie R. JOHNSON, Plaintiff,**

**v.**

**Robert LINDLEY, An Individual, and Lindley Farms, A Nebraska corporation, Defendants.**

**No. 7:98CV3127.**

United States District Court, D. Nebraska.

March 17, 1999.

Jason S. White, Orr & White Law Office, Broken Bow, NE, for plaintiff.

Jeffrey H. Jacobsen, Jacobsen Orr Law Firm, Kearney, NE, for defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This is a diversity case brought by plaintiff Leslie R. Johnson against defendants Robert Lindley and Lindley Farms, a Nebraska corporation. While the plaintiff was riding his motorcycle on a state highway, plaintiff's motorcycle collided with a dog owned by defendant Robert Lindley. The plaintiff suffered personal injury and damage to his motorcycle. The plaintiff has asserted two alternate theories of recovery: (1) strict liability under Neb.Rev. Stat. § 54–601 (Michie 1995) and (2) common law negligence.

Leslie Johnson's wife, Margaret Johnson, has assigned her cause of action for loss of society, services, consortium, companionship, counseling and advice of her husband to her husband for inclusion in her husband's suit against defendants. (Filing 1, Compl. ¶ 11.)

The plaintiff has moved for partial summary judgment pursuant to Fed.R.Civ.P. 56(a) on his strict liability claim (filing 9), seeking a ruling that the defendants are strictly liable under Neb.Rev.Stat. § 54–601 (Michie 1995), in an amount as yet unknown. The plaintiff submitted three affidavits in support of his motion: his own affidavit (filing 12); the affidavit of Marsha May, the driver of a pickup traveling just ahead of the plaintiff (filing 10); and the affidavit of his wife, Margaret J. Johnson, who was a passenger in the May pickup (filing 11). Defendants submitted no evidence supporting their opposition to the plaintiff's motion, but did object to certain portions of each of the affidavits submitted by the plaintiff. (Filing 13.)

### I. STANDARD OF REVIEW

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir.), *cert. denied*, 513 U.S. 929, 115 S.Ct. 319, 130 L.Ed.2d 280 (1994). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652–53 (8th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1186, 140 L.Ed.2d 316 (1998).

In order to withstand a motion for summary judgment, the nonmoving parties must substantiate their allegations with " 'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.' " *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir.1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992), *cert. denied*, 507 U.S. 913, 113 S.Ct. 1265, 122 L.Ed.2d 661 (1993)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment

as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

To summarize, in this case, since defendants have submitted no evidence to support their opposition to the plaintiff's motion for summary judgment, plaintiff's motion must be granted if the pleadings and three affidavits show that there is no genuine issue as to any material fact as to which the plaintiff has the burden of proof and that the plaintiff is entitled to a judgment as a matter of law. Defendants can withstand this motion for summary judgment only if they support their objection to the motion for summary judgment with some evidence, amounting to more than mere speculation or conjecture, that would permit a finding in defendants' favor.

## II. UNCONTROVERTED FACTS

The pleadings and affidavits reflect the uncontroverted facts set forth below.

1. Plaintiff Leslie R. Johnson is a resident and citizen of Joplin, Missouri. (Filing 1, Compl. ¶ 1.)

2. Defendant Robert Lindley is a resident and citizen of Anselmo, Nebraska. (Filing 1, Compl. ¶ 2.)

3. Defendant Lindley Farms is a corporation organized and existing under Nebraska law, with its principal place of business in the state of Nebraska. (Filing 1, Compl. ¶ 3.)

4. On August 8, 1997, the plaintiff was driving a motorcycle and traveling eastbound on Nebraska Highway 2 approximately two miles east of Anselmo, Nebraska, when a dog owned by the defendants collided with the plaintiff's motorcycle. (Filing 1, Compl. ¶ 5; filing 12, Aff. of Pl. ¶ 2.) [1]

---

1. Leslie Johnson's affidavit states:

2. That on August 8, 1997, I was traveling Eastbound on Nebraska Highway 2 ap-

proximately 2 miles East of Anselmo, Nebraska when a dog chased me from the left

5. The dog chased the plaintiff from the left and collided with the plaintiff's motorcycle (filing 12, Aff. of Pl. ¶ 2), and due to the collision with the dog, the plaintiff's motorcycle went on its side and caused the plaintiff severe injuries and property damage (*id.* ¶ 3).

6. At the day and time in question, the plaintiff's wife, Margaret J. Johnson, was a passenger in a pickup truck driven by Marsha May. (Filing 11 ¶ 4; filing 10 ¶ 3.) The pickup was approximately one-fourth mile ahead of two motorcycles being driven by the plaintiff and Ms. May's husband. (Filing 11 ¶ 4; filing 10 ¶ 4.)

7. Just prior to the collision between the plaintiff's motorcycle and the dog, the pickup was chased by the dog that collided with plaintiff's motorcycle. (Filing 11 ¶ 5; filing 10 ¶ 5.) [2]

8. Margaret J. Johnson saw the dog run out of the ditch, snapping and barking at the pickup. (Filing 11 ¶ 6.) [3]

### III. DISCUSSION

This is a diversity case, and the parties both agree that Nebraska law applies. The statute in question provides as follows:

> Dogs are hereby declared to be personal property for all intents and purposes, and *the owner* or owners *of any dog* or dogs *shall be liable for any and all damages that may accrue* (1) to any person, other than a trespasser, by reason of having been bitten by any such dog or dogs and (2) *to any person,* firm, or corporation *by reason of such dog or dogs killing, wounding, injuring, worrying, or chasing any person* or persons or any sheep or other domestic animals belonging to such person, firm, or corporation. Such damage may be recovered in any court having jurisdiction of the amount claimed.

Neb.Rev.Stat. § 54–601 (Michie 1995) (emphasis added).

The original version of this statute was intended to

> protect domestic animals, which are ordinary prey of dogs. This protection was extended to persons in 1961 by L.B. 205, the history of which indicates a legislative concern for children and adults being attacked by dogs in the Douglas County area.
>
> The Legislature, by enacting section 54–601, R.R.S.1943, removed the common law restriction of proving scienter or knowledge of the dangerous propensi-

and collided with the motorcycle I was driving.
3. That due to the collision with the dog my motorcycle went on its side and caused me severe injuries and property damage. (Filing 12, Aff. of Pl. ¶¶ 2,3.) Defendants did not object to these portions of the plaintiff's affidavit. (*See* filing 13 (defendants' objections to plaintiff's affidavits).) Though similar allegations in the complaint (see filing 1 ¶ 5) were denied by defendants in their answer (filing 4), defendants failed to reassert their objections to or denial of these factual assertions in plaintiff's affidavit, so defendants have accepted these facts for purposes of the plaintiff's motion for partial summary judgment.

2. Defendants objected to this evidence on relevancy and foundation grounds (filing 13 ¶¶ 2, 3). The women in the pickup were competent to testify as to whether a dog was chasing their pickup, and whether the same dog that chased them collided with the plaintiff's motorcycle. As the playfulness of the dog may be at issue, see *infra* note 4, the dog's behavior prior to the collision is relevant. These facts would be admissible in evidence and may be considered in connection with the motion for summary judgment. Fed.R.Civ.P. 56(e).

Leslie Johnson's affidavit also included a hearsay statement to the effect that his wife had told him that the dog chased the pickup before colliding with his motorcycle. (Filing 12 ¶ 4.) Defendants objected to the statement as inadmissible hearsay (filing 13 ¶ 1) and I agree. However, plaintiff can prove the fact he sought to establish by this inadmissable hearsay statement by reference to the eyewitness statements in Margaret Johnson's affidavit and Marsha May's affidavit, which state that the dog that chased the pickup was the same dog that collided with the motorcycle.

3. Defendant also objected to this evidence on relevancy and foundation grounds, and I overrule this objection and consider this evidence for the reasons explained *supra* note 2.

ties of dogs, but only as it applied to the actions of dogs specified in the statute. *Donner v. Plymate*, 193 Neb. 647, 649, 228 N.W.2d 612, 614 (1975) (citations omitted).

The Nebraska Supreme Court has recognized some situations in which a dog has caused injury to a person, yet the dog owner is not liable to the injured person. *See Holden v. Schwer*, 242 Neb. 389, 495 N.W.2d 269 (1993) (interpreting statute as it read prior to 1992 insertion of "injuring," finding that "killing, wounding, worrying, or chasing" should be read together, in essence finding that "or" meant "and," and concluding that the statute excludes strict liability for playful or mischievous acts of dogs); *Kenney v. Barna*, 215 Neb. 863, 341 N.W.2d 901 (1983) (error to deny defendant the chance to prove that injured person was a trespasser, as there is no liability under the statute to trespassers); *Paulsen v. Courtney*, 202 Neb. 791, 277 N.W.2d 233 (1979) (provocation was a defense); *Donner v. Plymate*, 193 Neb. 647, 228 N.W.2d 612 (1975) (recognizing playfulness of dog as a defense, affirmed in *Holden*).

It is unclear whether the intent of the dog continues to be a defense after the 1992 amendment to the statute which added "injuring" to the list of actions that create strict liability. "Injuring" was added by Laws 1992, L.B. 1011 § 1. It was added in response to a court's dismissal of a strict liability suit brought under the statute by an elderly woman who was standing in her relatives' driveway, knocked down by dogs and suffered a bro-

ken pelvis. The court found that she was not "wounded" within the meaning of the statute because her skin was not broken. *See* Laws 1992, L.B. 1011, Introducer's Statement of Intent; Committee Statement. Comments of counsel to the judiciary committee clearly indicate that the legislature did *not* intend that an injured plaintiff must prove that a dog's actions amounted to "killing, wounding, injuring *and* worrying" before becoming entitled to recovery under the statute.[4] The committee intended that proving any one of the prohibited acts was enough to establish liability under the statute. Though this comment was made to emphasize that "wounding" should not have been interpreted to require biting and breaking the skin (as some lower courts had interpreted it), it may indicate a legislative intent to eliminate playfulness of the dog as a defense. Injury that did not result in breaking the skin was interpreted not to be "wounding" only because the list of prohibited acts was read conjunctively. Similarly, playfulness was recognized as a defense only because the Nebraska Supreme Court determined that the list of prohibited acts should be considered conjunctively rather than disjunctively. *See Holden*, 242 Neb. 389, 495 N.W.2d 269 (1993); *Donner*, 193 Neb. 647, 228 N.W.2d 612 (1975). For that reason, playfulness may no longer be a defense.

I need not decide whether playfulness remains a defense to liability under section 54–601, which is fortuitous, since determining whether a dog was acting playfully or maliciously would be very difficult.[5] I

---

4. This testimony was presented at the hearing:

> Basically what the Supreme Court did here was they decided that the word "or" was a conjunctive term and not a disjunctive term. Basically you had to prove ... you had to use all four of those terms together instead of just proving one of them separately. And so one thing that I would like to make certain before this committee today is that when we reenact this bill we tell the Supreme Court in no uncertain terms that we want to use those terms disjunctively and "or" means or; it does not mean and.

*Hearing on L.B. 1011 Before the Comm. on Agric.*, 92nd Legis., 2d Sess. 14 (January 23, 1992) (comments of counsel to the judiciary committee).

5. A Nebraska Supreme Court judge has observed:

> In *Donner v. Plymate*, this court held that the mens rea of a dog was an essential element of the application of Neb.Rev.Stat. § 54–601 (Reissue 1988). The holding that we are, or any juror is, capable of judging whether a dog is at a given time playful or malicious is preposterous. We could, with equal reliability, predict the future from the examination of a goat's entrails.

need not decide this because playfulness, if it is an issue, becomes an issue only if the defendant raises it as an affirmative defense. Here, defendants have submitted no evidence to support their bald assertion that there is a genuine issue of material fact as to whether the alleged acts of the dog were playful and mischievous. (Br.Opp.Pl.'s Mot.Summ.J. at 2–3). Rule 56 requires defendants to substantiate their allegation that the dog's intent is an issue of material fact by some probative evidence. Defendants have not. Neither have defendants in any way substantiated their assertion that there is an issue of fact as to the plaintiff's possible negligence. (Br.Opp.Pl.'s Mot.Summ.J. at 3–4.)

Defendants have the burden of proving affirmative defenses and have failed to make any showing that would establish the existence of any affirmative defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, if the uncontroverted facts indicate that there is no genuine issue as to any material fact as to which the plaintiff has the burden of proof, the plaintiff is entitled to judgment as a matter of law on the section 54–601 claim, and I must grant summary judgment on that issue to the plaintiff.

█ The plaintiff must prove the following to succeed on his section 54–601 strict liability claim: (1) the defendants owned a dog; (2) the plaintiff suffered damages; and (3) plaintiff's damages "accrue[d] by reason of" defendants' dog "killing, wounding, injuring, worrying, or chasing" the plaintiff. Neb.Rev.Stat. § 54–601 (Michie 1995). The first two elements are easy to understand and clearly present in this case. (*See* Uncontroverted Facts Nos. 4 and 5, *supra.*) The third element is more complicated.

█ The statute provides that the plaintiff's damages must "accrue by reason of" specified acts of defendants' dog. It is unclear whether cause in fact (also re-

ferred to as "but for" causation) would be sufficient, or whether proximate cause (also referred to as direct cause) is needed. Reported cases interpreting the Nebraska statute have not addressed this question, as they primarily deal with exceptions to strict liability carved out as affirmative defenses. I need not decide how Nebraska courts would rule on this issue, as the uncontroverted facts establish that defendants' dog caused the damages under either standard: defendants' dog first chased the pickup traveling on the highway approximately one-fourth mile ahead of the plaintiff's motorcycle, then chased the motorcycle and collided with it on the highway, and due to the collision with the dog the plaintiff's motorcycle fell to its side and caused personal injuries and property damage. If the dog had not run onto the highway, the plaintiff would not have collided with the dog or suffered injury. As defendant has introduced no evidence to prove that the cause of the injury was anything other than the dog running onto the highway and colliding with the plaintiff's motorcycle, the plaintiff has also proven proximate cause.

The only remaining element the plaintiff must prove is that the dog's actions fell within the acts listed in the statute as those creating strict liability for dog owners: Did the dog's actions amount to "killing, wounding, injuring, worrying, or chasing" within the meaning of section 54–601? I find that the uncontroverted facts indicate that the dog "chased" and "injured" the plaintiff.

In sum, the uncontroverted facts establish that there is no genuine issue as to any material fact and the plaintiff is entitled to judgment on the section 54–601 strict liability claim. I shall grant summary judgment to the plaintiff on the strict liability claim, in an amount as yet unknown. The parties shall advise the court by letter within ten days from the

*Holden v. Schwer*, 242 Neb. 389, 397, 495 N.W.2d 269, 274–75 (1993) (White, J., dissenting).

date of this order as to the timeline and manner in which the parties propose to proceed in presenting the amount of the plaintiff's damages to the court.

Subsequent to the filing of his motion for partial summary judgment, and mindful of the deadlines for submitting motions for summary judgment set forth in the progression order in this case (filing 14), the plaintiff filed a motion to allow additional briefing and evidence in connection with the pending motion for summary judgment, or, in the alternative, for an extension of time for submitting summary judgment motions (filing 28). My decision to enter summary judgment renders this motion moot, and I will deny it.

IT IS ORDERED:

1. The plaintiff's motion for partial summary judgment as to strict liability (filing 9) is granted;

2. The defendants' objections to Leslie Johnson's affidavit (filing 13 ¶ 1) are sustained, and the defendants' objections to the affidavits of Margaret J. Johnson and Marsha May (*id.* ¶¶ 2, 3) are overruled;

3. The parties shall advise the court by letter within ten days from the date of this order as to the timeline and manner in which the parties propose to proceed in presenting the amount of the plaintiff's damages to the court; and

4. The plaintiff's motion to allow additional briefing and evidence in connection with the pending motion for summary judgment, or, in the alternative, for an extension of time for submitting summary judgment motions (Filing 28) is denied as moot.