EVELYN LOCK, APPELLANT, v. PACKARD FLYING SERVICE,
INC., A CORPORATION, APPELLEE.

173 N. W. 2d 516

Filed January 16, 1970. No. 37218.

Cobb, Swartz & Wieland, for appellant.

Luebs, Tracy & Huebner, Vincent L. Dowding, and James A. Beltzer, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Plaintiff seeks to recover for personal injuries received in an airplane accident. Defendant operated a repair

service at the city of Imperial, Nebraska, municipal airport. Plaintiff's husband, with three other persons, constituted the Chase County Flying Club which owned the airplane involved in the accident. One member of the club damaged the rudder of the plane and arranged for defendant to repair the rudder. Defendant's employees removed the rudder for the purpose of repairing it. The plane was left in its hangar with the ignition key left in the plane and no warning given of the removal of the rudder. Plaintiff's husband failed to note the absence of the rudder, took off with plaintiff as a guest passenger, crashed, and plaintiff was injured. The case was submitted to a jury which found for defendant and judgment was entered accordingly. We affirm the judgment of the trial court.

The rudder is essential as a vertical stabilizer and a plane without a rudder is not airworthy. The rudder, together with the elevator, the flaps, and the ailerons, constituted the control surfaces on the airplane. All are connected by cables to controls in the pilot's compartment and are fastened to the plane by means of hinges, bolts, nuts, and cotter pins. In the present instance, the rudder varied in width from 1 foot 8 inches to 2 feet and was 4½ feet high. The control cables were loosely hooked together when disconnected from the rudder and were open to inspection. The rudder controls were also attached to the front wheel to facilitate turning when taxiing on the ground and the fact the plane could be turned while taxiing did not indicate the rudder was present or functioning.

Applicable Federal Aviation Regulations forbid the operation of aircraft not in an airworthy condition and hold the pilot responsible for determining if a plane was safe to fly. The regulations also make the pilot primarily responsible for maintaining the aircraft in an airworthy condition. In complying with these regulations, it is necessary and customary for a pilot to make a preflight inspection of the plane. This includes check-

ing the engine oil, draining accumulated moisture from the gas tanks, and checking all control surfaces together with their connecting cables, hinges, and fastenings to ascertain that they are in safe operating condition.

Plaintiff has assigned several grounds of alleged error. We find it unnecessary to consider these assignments. Her right to recover is dependent upon two fundamental propositions. First, was the defendant guilty of negligence in failing to give warning of the removal of the rudder? Second, was the removal of the rudder and the failure to give warning of its removal a proximate cause of the accident and of plaintiff's injury? We resolve both questions in favor of the defendant. Under such circumstances, any error assigned by plaintiff is necessarily harmless and not prejudicial.

The aircraft in which the plaintiff was injured was the property of her husband and three other persons. Under existing regulations, no one except a licensed pilot is authorized to fly a plane. Licensed pilots, such as plaintiff's husband, are charged with making preflight inspections and ascertaining that the plane is airworthy before they take off. All experienced airmen, including mechanics and repairmen, are familiar with these requirements. Defendant could not reasonably be expected to anticipate that the plane would be flown by other than experienced and licensed pilots. Neither could defendant, or any prudent person under similar circumstances, be reasonably expected to anticipate that a duly qualified pilot would neglect to make a reasonable preflight inspection or fail to notice such an open and obvious defect as a missing rudder. If there was no reasonable apprehension of danger, there was no duty to warn of the removal of the rudder. In Kolar v. Divis, 179 Neb. 756, 140 N. W. 2d 658, it is stated: "Foresight, not retrospect, is the standard of diligence. It is nearly always easy, after an accident has happened, to see how it could have been avoided. But negligence is not a matter to be judged after the occurrence. It is

always a question of what reasonably prudent men under the same circumstances would or should, in the exercise of reasonable care, have anticipated." In Schild v. Schild, 176 Neb. 282, 125 N. W. 2d 900, it is stated: " 'There is negligence only where no care is exercised to avert a risk to others which reasonably should be apprehended.' " See, also, Shupe v. County of Antelope, 157 Neb. 374, 59 N. W. 2d 710; Anderson v. Mosher, 169 Neb. 134, 98 N. W. 2d 703, 81 A. L. R. 2d 956; Clouse v. County of Dawson, 161 Neb. 544, 74 N. W. 2d 67, 55 A. L. R. 2d 991.

The evidence discloses that the pilot of the plane was clearly negligent in failing to ascertain that it was airworthy and in flying a craft that was obviously disabled. This is not a case of a concealed or hidden defect or of one which the pilot might reasonably have been expected not to discover. The negligence of the pilot occurred subsequent to the removal of the rudder by defendant. Defendant's removal of the rudder and failure to give warning of the consequent disabling of the aircraft was not the proximate cause of the accident. "Two acts of independent source are not concurrent in causing an injury if one of them merely furnishes a condition by which such injury is made possible, and later such injury occurs through the efficient, self-acting, and independent operation of the other." Johnson v. Metropolitan Utilities Dist., 176 Neb. 276, 125 N. W. 2d 708. "Ordinarily, where the negligence of one party is merely passive and potential causing only a condition while that of the other is the moving and effective cause of the accident, the latter is the proximate cause." Jarosh v. Van Meter, 171 Neb. 61, 105 N. W. 2d 531, 82 A. L. R. 2d 714. "Where a second actor has or should have become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was

merely a circumstance of the accident and not its proximate cause." 65 C. J. S., Negligence, § 111 (2), p. 1210. See, also, Jarosh v. Van Meter, *supra.* " 'The causal connection is broken if between the defendant's negligent act and the plaintiff's injury there has intervened the negligence of a third person who had full control of the situation and whose negligence was such as the defendant was not bound to anticipate and could not be said to have contemplated, which later negligence resulted directly in the injury to the plaintiff.' " Shupe v. County of Antelope, *supra.* " 'An injury that could not have been foreseen or reasonably anticipated as the probable result of the negligence is not actionable, nor is an injury that is not the natural consequence of the negligence complained of, and would not have resulted from it, but for the interposition of some new, independent cause that could not have been anticipated.' " Kroeger v. Safranek, 161 Neb. 182, 72 N. W. 2d 831.

Defendant did nothing that in and by itself could have resulted in plaintiff's injuries. The plane could only be used by licensed, experienced pilots familiar with the plane and the dangers of flying a plane that was not airworthy. Such a pilot is aware of the necessity of a rudder on the aircraft and that without it it would not be airworthy or manageable. He is charged at all times with making a preflight inspection of the aircraft with a view to determining its safety and airworthiness. The absence of the rudder was an obvious, not a concealed, defect which any reasonable examination by the pilot would have disclosed. Under such circumstances, defendant could not be required to anticipate injury from the absence of the rudder. It had no reason to anticipate the grossly negligent acts of the pilot. In accordance with the foregoing rules, it is apparent that the intervening acts of negligence on the part of the pilot were of such nature as to relieve defendant of any possible liability and constituted the sole proximate cause of the accident.

The judgment of the district court is affirmed.

AFFIRMED.