CASEY POPPLE AND NICHOLAS POPPLE, MINORS,
BY BRIAN POPPLE AND MAUREEN POPPLE, NEXT FRIENDS, ET AL.,
APPELLANTS, V. WAYNE ROSE AND SHARON ROSE, APPELLEES.

573 N.W. 2d 765

Filed February 20, 1998.   No. S-96-310.

Michael C. Klein, of Anderson, Klein, Peterson, Swan and Bogle Louthan, for appellants.

Daniel L. Lindstrom, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WHITE, C.J.

This case raises the issue of whether the parents of a minor child have a duty to warn third parties of the child's allegedly known dangerous sexual propensities. We removed this case, pursuant to our power to regulate the Nebraska Court of Appeals' caseload and that of this court, to determine whether a parental duty to warn exists in the State of Nebraska. See Neb. Rev. Stat. § 24-1106 (Reissue 1995).

In September 1992, Brian Popple and Maureen Popple hired W.R. to care for their children, Casey and Nicholas. On November 23, while babysitting the children, W.R. physically overpowered Casey and sexually assaulted him, forcibly committing acts of masturbation, fellatio, and sodomy. W.R. did not

sexually assault Nicholas, but forced him to witness these events. At the time, W.R. was nearly 13 years old, Nicholas was 9, and Casey was 6.

W.R. was charged with sexual assault in the juvenile court for Phelps County and admitted the charges. The Popples then filed suit in district court and claimed Wayne Rose and Sharon Rose, W.R.'s parents, negligently failed to warn them of W.R.'s allegedly known dangerous sexual propensities. The Popples argued they were not seeking recovery under the parental vicarious liability statute, Neb. Rev. Stat. § 43-801 (Reissue 1993), but, rather, were seeking to hold the Roses liable for their independent negligence in failing to warn the Popples of W.R.'s allegedly known dangerous sexual propensities. In response, the Roses filed a motion for summary judgment.

The district court granted the motion and held that § 43-801 was the Popples' exclusive remedy. The court also held that no independent duty existed upon which to predicate negligence, because Nebraska has not recognized a cause of action based upon parents' failure to warn of their children's known dangerous sexual propensities. The Popples' motion for a new trial was overruled, and they appeal.

The Popples contend the district court erred in (1) holding that Nebraska does not recognize a cause of action based on parents' negligent failure to warn of their children's known dangerous sexual propensities; (2) holding that § 43-801 was their exclusive remedy; (3) sustaining the Roses' motion for summary judgment; and (4) overruling the Popples' motion for new trial.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Farmers Union Co-op Ins. Co. v. Allied Prop. & Cas.*, 253 Neb. 177, 569 N.W.2d 436 (1997). After the moving party has shown facts warranting judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law. *Melick v. Schmidt*, 251 Neb. 372, 557 N.W.2d 645 (1997). To the extent issues of

law are presented, an appellate court is obligated to reach independent conclusions irrespective of the determinations made by the court below. *Farr v. Designer Phosphate & Premix Internat.*, 253 Neb. 201, 570 N.W.2d 320 (1997).

The evidence discloses that prior to engaging W.R. as a babysitter, the Popples knew W.R. had a history of physically violent behavior. The record, however, is devoid of any evidence indicating the Roses, the Popples, or any other person was aware W.R. possessed any propensity to commit any acts of sexual assault and/or abuse. In addition, the record is also devoid of any evidence intimating that W.R. even possessed such a habit. In sum, the record is absent any evidence that W.R. demonstrated a history of committing acts of sexual assault and/or abuse or that anyone knew he was prone to such conduct.

The Popples initially argue § 43-801 is inapplicable because their claims are not based on the Roses' vicarious liability for W.R.'s intentional acts. Rather, the Popples claim that liability is based on the Roses' independent negligence in failing to warn third parties of W.R.'s allegedly known propensity to sexually assault and/or abuse minor children. As the Popples' first assignment of error is dispositive, we address only that issue. See *First Nat. Bank v. Daggett*, 242 Neb. 734, 497 N.W.2d 358 (1993).

We must initially determine whether § 43-801 abrogates common-law liability and provides the exclusive source of recovery for claimants filing suit based on the intentional acts of children. Section 43-801 provides as follows:

> The parents shall be jointly and severally liable for the willful and intentional infliction of personal injury to any person or destruction of real and personal property occasioned by their minor or unemancipated children residing with them, or placed by them under the care of other persons; *Provided*, that in the event of personal injuries willfully and intentionally inflicted by such child or children, damages shall be recoverable only to the extent of hospital and medical expenses incurred but not to exceed the sum of one thousand dollars for each occurrence.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court

will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997). Statutes which effect a change in the common law or take away a common-law right should be strictly construed, and a construction which restricts or removes a common-law right should not be adopted unless the plain words of the act compel it. *Guzman v. Barth*, 250 Neb. 763, 552 N.W.2d 299 (1996).

Section 43-801 imposes vicarious liability on parents of children who intentionally inflict personal injury. However, neither the plain meaning of § 43-801 nor the legislative history can be read to abrogate common-law liability. § 43-801 (Reissue 1993); § 43-801 (Cum. Supp. 1969); § 43-801 (Cum. Supp. 1951). Because there is no language indicating that common-law liability is prohibited or that § 43-801 was intended to be an exclusive remedy, this court will make no such inference. See, *State ex rel. City of Elkhorn, supra*; *Guzman, supra*. Therefore, reading the statute in a plain, ordinary manner indicates that § 43-801 does not preclude common-law liability.

Having established that § 43-801 does not preclude common-law liability, we must next determine whether a parental duty to warn could exist in the State of Nebraska. This court has imposed a general duty to warn in numerous situations. *Schmidt v. Omaha Pub. Power Dist.*, 245 Neb. 776, 515 N.W.2d 756 (1994) (duty to warn of electrical lines); *Lemke v. Metropolitan Utilities Dist.*, 243 Neb. 633, 502 N.W.2d 80 (1993) (duty to warn of dangerous condition); *Anderson v. Transit Auth. of City of Omaha*, 241 Neb. 771, 491 N.W.2d 311 (1992) (duty to warn passengers of known dangerous conditions); *Maresh v. State*, 241 Neb. 496, 489 N.W.2d 298 (1992) (duty to warn traveling public of dangerous condition); *Rahmig v. Mosley Machinery Co.*, 226 Neb. 423, 412 N.W.2d 56 (1987) (duty to warn of defective product). Moreover, this court has also ruled that upon a prospective foster parent's inquiry, the Nebraska Department of Social Services possesses a duty to inform such parent(s) of the known physical and sexual tendencies of prospective foster children. *Talle v. Nebraska Dept. of Soc. Servs.*, 249 Neb. 20, 541 N.W.2d 30 (1995); *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs.*, 248 Neb. 651, 538 N.W.2d 732 (1995); *Moore v.*

*State*, 245 Neb. 735, 515 N.W.2d 423 (1994). While we have not previously imposed a duty upon parents to warn third parties of their children's known dangerous sexual propensities, given the rulings in the aforementioned cases, we do not believe that imposing a parental duty to warn is an illogical next step in the law in the State of Nebraska.

An action predicated on a duty to warn is essentially a negligence action, requiring a duty, breach, proximate cause, and damages. See, *Talle, supra*; *Anderson/Couvillon, supra*; *Moore, supra*; *Tiede v. Loup Power Dist.*, 226 Neb. 295, 411 N.W.2d 312 (1987). While the common law does not preclude a cause of action based on the parental duty to warn, the essential elements of a negligence action must still be demonstrated. See *id.*

The threshold inquiry in any negligence action, including those involving a duty to warn, is whether the defendant owed the plaintiff a duty. *Anderson/Couvillon, supra*; *Merrick v. Thomas*, 246 Neb. 658, 522 N.W.2d 402 (1994). Actionable negligence cannot exist if there is no legal duty to protect the plaintiff from injury. *Schmidt, supra*; *Lemke, supra.* See *Anderson, supra.* A duty is defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another. *Schmidt, supra.* Duty is a question of whether the defendant is under any obligation for the benefit of the plaintiff; in negligence cases, the duty is always the same—to conform to the legal standard of reasonable conduct in light of the apparent risk. *Id.* Determining whether a legal duty exists is a question of law dependent on the facts of a particular situation. *S.I. v. Cutler*, 246 Neb. 739, 523 N.W.2d 242 (1994); *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994).

In analyzing this issue, we recognize that legal duties are not discoverable facts of nature, but merely conclusory expressions that, in cases of a particular type, liability should be imposed for damage done. *Tarasoff v. Regents of University of California*, 17 Cal. 3d 425, 551 P.2d 334, 131 Cal. Rptr. 14 (1976).

> The statement that there is or is not a duty begs the essential question—whether the plaintiff's interests are entitled to legal protection against the defendant's conduct. . . . "[D]uty" is not sacrosanct in itself, but is only an expres-

sion of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection.

W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 54 at 357-58 (5th ed. 1984).

In determining whether a duty exists, this court has employed a risk-utility balancing test. In *Schmidt v. Omaha Pub. Power Dist.*, 245 Neb. 776, 515 N.W.2d 756 (1994), we considered such factors as the magnitude of the risk, the public policy considerations, the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public policy interest in the proposed solution. (Citing *Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426, 625 A.2d 1110 (1993).) See, also, *Rodriguez v. Spencer*, 902 S.W.2d 37 (Tex. App. 1995); *Tarasoff, supra*. Foreseeability is also an important factor in establishing a duty. *Merrick, supra*; *Schmidt, supra*; *Lock v. Packard Flying Service, Inc.*, 185 Neb. 71, 173 N.W.2d 516 (1970). As stated by Justice Cardozo, "[F]oresight of the consequences involves the creation of a duty . . . ." *MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 394, 111 N.E.2d 1050, 1054 (1916). Similarly, this court stated that " '[f]oresight, not retrospect, is the standard of diligence. . . .' " *Lock*, 185 Neb. at 73-74, 173 N.W.2d at 518-19.

Regardless of whether a duty of reasonable care exists, a duty to warn cannot be imposed absent a special relationship. Compare *Merrick*, 246 Neb. at 661, 522 N.W.2d at 406 (stating "the duty of reasonable care generally does not extend to third parties absent . . . other facts establishing a duty") (citing *Lawyers Title Ins. Corp. v. Hoffman*, 245 Neb. 507, 513 N.W.2d 521 (1994)). "[W]hen the avoidance of foreseeable harm requires a defendant to control the conduct of another person, or to warn of such conduct, the common law has traditionally imposed liability only if the defendant bears some special relationship to the dangerous person or to the potential victim." *Tarasoff*, 17 Cal. 3d at 435, 551 P.2d at 342-43, 131 Cal. Rptr. at 22-23.

Restatement (Second) of Torts § 315 at 122 (1965) provides:

There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection.

Comment *c.* to § 315 of the Restatement further provides that the relations between the actor and a third person which require the actor to control the third person's conduct are stated in §§ 316 through 319. Restatement, *supra*, § 316 at 123-24, states:

A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

(a) knows or has reason to know that he has the ability to control his child, and

(b) knows or should know of the necessity and opportunity for exercising such control.

Thus, the parent-child relationship is recognized as a special relationship which may warrant imposing a duty to warn. *Kehler v. Eudaly*, 933 S.W.2d 321 (Tex. App. 1996); *Villacana v. Campbell*, 929 S.W.2d 69 (Tex. App. 1996); *Rodriguez, supra*; *King v. Durham County Mental Health Authority*, 113 N.C. App. 341, 439 S.E.2d 771 (1994); *DeLuna v. Guynes Printing Co. of Texas*, 884 S.W.2d 206 (Tex. App. 1994); *Greater Houston Trans. v. Phillips*, 801 S.W.2d 523 (Tex. 1990); *Moore v. Crumpton*, 55 N.C. App. 398, 285 S.E.2d 842 (1982), *modified* 306 N.C. 618, 295 S.E.2d 436.

However, those courts specifically adopting a parental duty to warn of children's dangerous propensities have narrowed the duty even further and limited the application thereof to only situations where the parents are aware of the child's known, habitual, dangerous propensity. *Eldredge v. Kamp Kachess*, 90 Wash. 2d 402, 583 P.2d 626 (1978); *Cooper v. Meyer*, 50 Ill. App. 3d 69, 365 N.E.2d 201 (1977); *Parsons v. Smithey*, 109 Ariz. 49, 504 P.2d 1272 (1973); *Caldwell v. Zaher*, 344 Mass. 590, 183 N.E.2d 706 (1962); *Preston v. Duncan*, 55 Wash. 2d 678, 349 P.2d 605 (1960); *Gissen v. Goodwill*, 80 So. 2d 701 (Fla. 1955); *Martin v. Barrett*, 120 Cal. App. 2d 625, 261 P.2d 551 (1953);

*Ellis v. D'Angelo*, 116 Cal. App. 2d 310, 253 P.2d 675 (1953); *Zuckerberg v. Munzer*, 277 A.D. 1061, 100 N.Y.S.2d 910 (1950); *Condel v. Savo*, 350 Pa. 350, 39 A.2d 51 (1944); *Johnson v. Butterworth*, 180 La. 586, 157 So. 121 (1934), *overruled on other grounds*, *Turner v. Bucher*, 308 So. 2d 270 (La. 1975); *Norton. v. Payne*, 281 P. 991 (Wash. 1929). Compare *Hackett v. Schmidt*, 630 So. 2d 1324 (La. App. 1993).

Many courts have also refused to impose liability in situations where the child was generally incorrigible, heedless, or vicious. *Gissen, supra*; *Capps v. Carpenter*, 129 Kan. 462, 283 P. 655 (1930); *Norton, supra*; *Paul v. Hummel*, 43 Mo. 119 (1868). See, also, W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 123 (5th ed. 1984); Fowler V. Harper & Posey M. Kime, 43 *The Duty to Control the Conduct of Another*, Yale L.J. 886 (1934).

For example, in *Norton, supra*, the guardian ad litem of a 5-year-old child brought suit against the parents of a 7-year-old child who habitually struck smaller children in the face with sticks. The court remanded the cause for a new trial and stated:

> [P]arents are not liable for torts committed by their minor children without participation in the fault by the parent; and it is not enough to make the father liable that he knew that his child was heedless or vicious. . . .
>
> But by the same authority it seems to be stated as a general rule that the parent is liable if he was himself guilty of negligence. He is liable, however, only for his own fault and not that of his child.
>
> While it is also true that the parents did not actually participate in the particular tort here in controversy, they did *know* of the *habit* of their child of striking other children with sticks. They were bound to *know* that was a *habit* liable to cause injury to other children . . . . No one could be so familiar with the *habit* of a child of that age as the parent, and while the parent cannot be held to the degree of liability of one harboring a vicious dog . . . or a wild animal, we think parents should be held responsible and liable for a dangerous *habit* of a child of which they have *knowledge* and take no steps to correct, or restrain. It is that which constitutes the negligence on the part of the parent.

(Emphasis supplied.) *Norton*, 281 P. at 992. Similarly, in *Ellis, supra*, a babysitter filed suit against the parents of a 4-year-old child for their negligent failure to warn of the boy's habit of violently attacking people. The court held the parents liable and stated, " '[T]he parent may be held liable . . . [w]here the parent's negligence consists entirely of his failure to restrain the child from vicious conduct imperilling others, when the parent has *knowledge* of the child's *propensity* toward such conduct.' " (Emphasis supplied.) *Ellis*, 120 Cal. App. 2d at 318, 253 P.2d at 679-80.

Likewise, in *Johnson, supra*, a nurse filed suit against the parents of a 3-year-old child for injuries the nurse sustained when the child bit her. The court rejected the plaintiff's claim and held, "[B]ecause of the plaintiff's failure to allege that the defendant's child was afflicted with a dangerous *disposition* and that the defendant *knew* of the danger and failed to warn the plaintiff, she has failed to set forth a cause of action." (Emphasis supplied.) *Johnson*, 180 La. at 614, 157 So. at 129-30. Therefore, a parental duty to warn a third person will arise only if the parents are aware of the child's known, habitual, dangerous propensity, and when a special relationship exists between the parents and the third person.

The record contains no evidence that the Roses, or anyone else, had prior knowledge of any dangerous sexual propensity. Therefore, no duty to warn arose regarding W.R.'s alleged dangerous sexual propensities because the conduct was not a known, habitual propensity.

Even though we now recognize that a parental duty to warn may exist in certain limited situations, irrespective of § 43-801, the district court correctly ruled that the Popples were relegated to the recovery provided in § 43-801 because the facts involved do not present a scenario where a parental duty to warn could have arisen.

AFFIRMED.