NICHOLAS GUERRIER, APPELLEE, V.
MID-CENTURY INSURANCE COMPANY, APPELLANT.
663 N.W.2d 131

Filed June 20, 2003.   No. S-01-1102.

Daniel P. Chesire and Raymond E. Walden, of Lamson, Dugan & Murray, L.L.P., for appellant.

Daniel J. Epstein, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Nicholas Guerrier filed this action against Mid-Century Insurance Company (Mid-Century) seeking damages for medical expenses under an automobile insurance policy. The district court sustained Guerrier's motion for summary judgment, finding that the policy was ambiguous and construing the policy in Guerrier's favor. Mid-Century appeals.

## BACKGROUND

The facts are not in dispute. Guerrier was injured in an automobile accident and, as a result, incurred medical expenses, which were covered by workers' compensation. At the time of the accident, Guerrier was the named insured under an automobile insurance policy issued by Mid-Century. The policy included an endorsement relating to medical expenses incurred

in automobile accidents. The relevant provision of the endorsement states: "**PART III - MEDICAL Coverage E - Medical Expense Coverage** . . . We will pay **reasonable expenses** for **necessary medical services** furnished within three years from the date of the **accident** because of **bodily injury** sustained by an **insured person**."

In addition to describing the extent of coverage as quoted above, the endorsement also includes additional sections, including definitions, exclusions, and arbitration provisions. Two definitions included in the endorsement are relevant. They provide:

> **Necessary medical services** means medical services which are usual and customary for treatment of the injury, including the number or duration of treatments, in the county in which those services are provided.
>
> **Necessary medical services** are limited to necessary medical, surgical, dental, x-ray, ambulance, hospital, professional nursing and funeral services, and include the cost of pharmaceuticals, orthopedic and prosthetic devices, eyeglasses, and hearing aids. *We will reimburse you for any necessary medical services already paid by you.*
>
> . . . .
>
> **Reasonable Expenses** means expenses which are usual and customary for **necessary medical services** in the county in which those services are provided. *We will reimburse you for any reasonable expenses already paid by you.*

(Emphasis supplied.)

The policy defined " 'you' " as "the 'named insured.' " The parties agree that Guerrier's medical expenses were "**reasonable expenses**" and that the medical services he received were "**necessary medical services**," as both are defined by the policy.

The parties filed cross-motions for summary judgment, each contending that they were entitled to judgment as a matter of law under the language of the policy. The district court entered judgment in favor of Guerrier, finding:

> The clause i[n] question [("**reasonable expenses** already paid by you")] . . . does <u>not limit</u> the coverage to expenses "already paid by you." If that were the case, the defendant easily could have stated in the policy that it would pay for the expenses "<u>only</u> paid by you." The coverage in question

includes reasonable medical expenses not only paid on behalf of the plaintiff but reasonable medical expenses paid by the plaintiff. There is ambiguity in the clause in question and the ambiguity must be construed in favor of the insured plaintiff.

(Emphasis in original.)

## ASSIGNMENTS OF ERROR

Mid-Century assigns, rephrased, that the district court erred in finding the endorsement language to be ambiguous and in construing the policy in favor of Guerrier.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Stoetzel & Sons v. City of Hastings*, 265 Neb. 637, 658 N.W.2d 636 (2003).

The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the lower court. *American Fam. Mut. Ins. Co. v. Hadley*, 264 Neb. 435, 648 N.W.2d 769 (2002).

## ANALYSIS

The rules of law applicable in this case are familiar. An insurance policy is a contract. *American Fam. Mut. Ins. Co. v. Hadley, supra*. When the terms of the contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as the ordinary or reasonable person would understand them. *Reisig v. Allstate Ins. Co.*, 264 Neb. 74, 645 N.W.2d 544 (2002). An appellate court reviewing an insurance policy must construe the policy as any other contract and give effect to the parties' intentions at the time the contract was made. *Id.* The contract must be construed as a whole and, if possible, effect must be given to every part thereof. *Id.* Regarding words in an insurance policy, the language should be considered not in accordance with what the

insurer intended the words to mean but according to what a reasonable person in the position of the insured would have understood them to mean. *Decker v. Combined Ins. Co. of Am.*, 244 Neb. 281, 505 N.W.2d 719 (1993).

Under Nebraska law, a court interpreting a contract, such as an insurance policy, must first determine, as a matter of law, whether the contract is ambiguous. *Reisig v. Allstate Ins. Co., supra.* A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Id.* The fact that parties to a document have or suggest opposing interpretations of the document does not necessarily, or by itself, compel the conclusion that the document is ambiguous. *Tighe v. Combined Ins. Co. of America*, 261 Neb. 993, 628 N.W.2d 670 (2001). An ambiguous insurance policy will be construed in favor of the insured. *Id.* The language of an insurance policy should be read to avoid ambiguities, if possible, and the language should not be tortured to create them. *Reisig v. Allstate Ins. Co., supra.*

The district court found that the policy language was ambiguous. It reasoned that the policy could be read as providing coverage for expenses or medical services paid either directly by the named insured or by another on the insured's behalf. Because of the ambiguity, the district court construed the policy language in favor of Guerrier.

Mid-Century argues that there is no ambiguity in the language of the policy. It interprets the terms of the endorsement to require "reimbursement," under the plain meaning of that word, to the named insured under the definitional provisions only when the named insured has paid money out of his or her own pocket. It further interprets the policy to require payment of expenses to the provider of the medical services under the coverage clause when expenses have been incurred but not yet paid by anyone. Thus, Mid-Century contends that it is not required to "reimburse" for expenses or medical services "already paid by you" where, as in this case, the insured has paid nothing out of his own pocket, and it is also not required to "pay **reasonable expenses**" where another party has already paid the expenses on the insured's behalf.

We agree with Mid-Century's arguments that the policy is unambiguous, but disagree with Mid-Century's interpretation. Pursuant to the coverage clause of the endorsement, Mid-Century promises to pay reasonable expenses for necessary medical services. The Supreme Court of Alabama has said that a coverage clause substantially similar to the one in this case did not specifically require the insurer to pay either the insured or the insured's medical providers directly. *Auto-Owners Ins. Co. v. Abston*, 822 So. 2d 1187 (Ala. 2001). This language, "[t]aken in isolation . . . express[es] an unconditional obligation to reimburse medical expenses . . . ." *Mejia v. American Cas. Co.*, 55 Mass. App. 461, 465, 771 N.E.2d 811, 814 (2002). Reading the policy as a whole, as we are required to do, does not change the result. The definitional provisions do not modify the obligation to pay reasonable expenses, but merely express one manner in which Mid-Century's unconditional obligation may be fulfilled. Under the plain meaning of the terms of the policy, Mid-Century is obligated to pay the reasonable expenses of Guerrier, regardless of whether those expenses have already been paid by another. Thus, the district court did not err in granting summary judgment in favor of Guerrier.

## CONCLUSION

For the reasons stated above, we affirm the district court's granting of summary judgment in favor of Guerrier and the entry of judgment in favor of Guerrier in the sum of $5,000.

AFFIRMED.